**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman JEREMY A. WISEHART**
**United States Air Force**

**ACM S32280**

**23 June 2016**

Sentence adjudged 22 September 2014 by SPCM convened at Bagram Airfield, Afghanistan. Military Judge: Christopher F. Leavey (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 5 months, forfeiture of $1,021.00 pay per month for 5 months, and reduction to E-1.

Appellate Counsel for Appellant: Captain Virginia M. Bare.

Appellate Counsel for the United States: Lieutenant Colonel Christopher C. Vannatta; Lieutenant Colonel Roberto Ramirez; and Gerald R. Bruce, Esquire.

Before

ALLRED, SANTORO, and ZIMMERMAN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

SANTORO, Judge:

A military judge sitting as a special court-martial convicted Appellant, consistent with his pleas, of violating a no-contact order, negligent dereliction of duty, and using hashish on divers occasions, in violation of Articles 92 and 112a, UCMJ, 10 U.S.C. §§ 892, 912a. Contrary to his plea, he was convicted of misbehavior before the enemy in violation of Article 99, UCMJ, 10 U.S.C. § 899. The military judge sentenced him to a bad-conduct discharge, confinement for 6 months, forfeitures of $1,021.00 pay per month for 6 months,

reduction to E-1, and a reprimand. The convening authority reduced the period of confinement and forfeitures to 5 months, disapproved the reprimand, and approved the remainder of the adjudged sentence.

Appellant asserts: (1) the evidence is legally and factually insufficient to sustain his conviction for misbehavior before the enemy and (2) the offense of wrongful use of hashish on divers occasions, as charged in this case, is a lesser included offense of misbehavior before the enemy and should therefore be dismissed as multiplicious. We specified two additional issues: whether the court-martial had jurisdiction over the Article 99, UCMJ, offense and whether having a duty to defend the installation was an element of the same offense.[1]

*Background*

Appellant was a Security Forces member deployed to Bagram Airfield, Afghanistan. His unit provided base defense and was responsible for the primary entry control point for the installation. On four occasions during his deployment, Appellant used hashish, a Schedule I controlled substance. Appellant also violated a no-contact order issued by his commander and engaged in sexual activity while on post. Additional facts necessary to resolve the assignments of error are included below.

*Jurisdiction*

The first specified issue questioned the jurisdiction of the court-martial over the offense. "Misbehavior before the enemy" under Article 99, UCMJ, is a non-mandatory capital offense, punishable by "[d]eath or such other punishment as a court-martial may direct." *Manual for Courts-Martial, United States* (*MCM*), pt. IV, ¶ 23.e. (2012 ed.). "The jurisdiction of a special court-martial over a non-mandatory capital offense is a legal

---

[1] The specified issues were:

> WHETHER THE COURT-MARTIAL HAD JURISDICTION OVER THE ARTICLE 99, UCMJ, 10 U.S.C. § 899 OFFENSE WHERE THERE IS NOTHING IN THE RECORD OF TRIAL TO INDICATE THAT THE CONVENING AUTHORITY WAS EMPOWERED TO CONVENE GENERAL COURTS-MARTIAL OR HAD OTHERWISE COMPLIED WITH RULE FOR COURTS-MARTIAL 201(f)(2)(C).
>
> WHETHER HAVING A DUTY TO DEFEND A CERTAIN COMMAND, UNIT, PLACE, SHIP, OR CERTAIN MILITARY PROPERTY IS AN ELEMENT OF AN OFFENSE UNDER ARTICLE 99(3), UCMJ, AND MUST BE PROVEN BY THE PROSECUTION BEYOND A REASONABLE DOUBT, WHEN THAT LANGUAGE APPEARS ONLY IN PARAGRAPH 23.B.(3) OF THE MANUAL FOR COURTS-MARTIAL (2012), NOT IN THE STATUTE ITSELF, AND IS NOT AN AGGRAVATING FACTOR WHICH CAN INCREASE THE MAXIMUM POSSIBLE PUNISHMENT.

question which we review de novo." *United States v. Henderson*, 59 M.J. 350, 351–52 (C.A.A.F. 2004).

When read together, Article 19, UCMJ, 10 U.S.C. § 819 and Rule for Courts-Martial (R.C.M.) 201(f)(2)(C)(ii) allow a special court-martial convening authority (SPCMCA) to refer a non-mandatory capital offense to trial by special court-martial when permitted by "[a]n officer exercising general court-martial jurisdiction over the command which includes the accused." Appellant did not raise this jurisdictional issue at trial, and the record of trial is devoid of any indication that the general court-martial convening authority (GCMCA) granted such permission. In response to the specified issue, the Government filed unrebutted affidavits in support of its argument that the convening authority actually exercised proper jurisdiction under the R.C.M. 201(f)(2)(C)(ii) exception.

The Government supplied an affidavit from the GCMCA and one from the SPCMCA who convened this court-martial. Both affiants unequivocally state that each discussed this case with the other on multiple occasions and that the GCMCA granted approval to refer the Article 99, UCMJ, offense to a special court-martial. Based on this uncontested evidence we conclude that the special court-martial had jurisdiction over the Article 99, UCMJ, offense.[2]

*Legal and Factual Sufficiency*

Appellant's attack on the sufficiency of his convictions is two-fold. He argues that the evidence is insufficient to establish that (1) he was "before the enemy" and (2) he endangered the safety of Bagram Airfield. The second specified issue addresses the elements of the offense, which we will construe as an additional question concerning the legal and factual sufficiency of the evidence.

We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)). In applying this test, "we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001); *see also United States v. McGinty*, 38 M.J. 131, 132 (C.M.A. 1993).

---

[2] Although not required by law or regulation, we encourage staff judge advocates in similar situations to include in the record of trial evidence of compliance with the applicable procedural rules, perhaps by annotation on the charge sheet, DD Form 458, in Section V.

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of [Appellant]'s guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325. In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399. The term reasonable doubt, however, "does not mean that the evidence must be free of conflict." *United States v. Lips*, 22 M.J. 679, 684 (A.F.C.M.R. 1986). Our assessment of "legal and factual sufficiency is limited to the evidence presented at trial." *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

Addressing the specified issue first, the specification alleged that Appellant, while before the enemy, did "endanger the safety of Bagram Airfield, *which it was his duty to defend*, by wrongfully using hashish, a Schedule I controlled substance." (Emphasis added). The "duty to defend" language is a statutory element of an Article 99(2), UCMJ offense; however, this specification alleged a violation of Article 99(3), UCMJ, which does not contain the same statutory element. The model specification found in the *Manual* for an Article 99(3), UCMJ, offense *does* include the "duty to defend" language.

We need not decide whether having a "duty to defend" is a statutory element that must be proven in every Article 99(3), UCMJ, case. We find the specification as drafted established an element that Appellant had a duty to defend Bagram Airfield, and the evidence was factually and legally sufficient to show that he had such a duty. Appellant's commander testified both about the general duty of Airmen assigned to his unit and about the specific duties Appellant performed. He testified that all members of his unit had a duty to defend Bagram Airfield. He also testified about the layered defenses he employed, including searches of incoming and outgoing traffic as well as perimeter response teams with additional weapons. An additional witness testified that Appellant admitted in a pretrial interview that he had a duty to defend Bagram Airfield. Other members of the unit also testified that Airmen assigned to the unit had a duty to defend Bagram Airfield, even during rest periods, or while "off-shift."

We find this evidence was sufficient when viewed in the light most favorable to the prosecution for a reasonable finder of fact to conclude that Appellant had a duty to defend Bagram Airfield at all times relevant to the charged offense. We ourselves, after making allowances for not having personally observed the witnesses, and based upon our independent review of the record, also conclude beyond a reasonable doubt that Appellant had a duty to defend Bagram Airfield.

> Whether a person is "before the enemy" is a question of tactical relation, not distance. For example, a member of an antiaircraft gun crew charged with opposing anticipated attack

from the air, or a member of a unit about to move into combat may be before the enemy although miles from the enemy lines. On the other hand, an organization some distance from the front or immediate area of combat which is not a part of a tactical operation then going on or in immediate prospect is not "before or in the presence of the enemy" within the meaning of this article.

*MCM*, pt. IV, ¶ 23.c.(1)(c) (2012 ed.). Our superior court has also examined the issue, holding that when "an organization is in position ready to participate in either an offensive or defensive battle, and, its weapons are capable of delivering fire on the enemy and in turn are so situated that they are within effective range of the enemy weapons, then that unit is before the enemy." *United States v. Sperland*, 5 C.M.R. 89, 91 (C.M.A. 1952).

Appellant contends that no evidence was presented that he was tactically engaged with the enemy. However, neither *Sperland* nor the definition in the *Manual* focuses on individual engagement. The *Manual* references, by way of illustration, those before the enemy as a "member of an antiaircraft gun crew" and "a member of a unit about to move into combat." Since one form of misbehavior before the enemy is wrongful failure to engage in combat, we find this unit-based analysis significant. *See United States v. Payne*, 40 C.M.R. 516, 519–20 (A.B.R. 1969). Appellant's commander affirmatively testified that the unit was tactically engaged in the defense of Bagram Airfield. We find Appellant's contention that Bagram Airfield was "some distance from the front or immediate area of combat" unconvincing in light of the uncontested evidence in the record that the installation did, in fact, come under indirect-fire attack during the charged dates. Nor are we convinced by Appellant's argument that his misconduct did not actually endanger the base. After making allowances for not having personally observed the witnesses, and based upon our independent review of the record, we are convinced beyond a reasonable doubt that Appellant was before the enemy and that his conduct endangered Bagram Airfield.

We have considered the evidence in the light most favorable to the prosecution. We have also made allowances for not having personally observed the witnesses. Having paid particular attention to the matters raised by Appellant, we find the evidence legally sufficient. Moreover we are, ourselves, convinced of his guilt beyond a reasonable doubt.

*Multiplicity*

Finally, Appellant asserts that the wrongful use of hashish (the Article 112a, UCMJ, offense) is a lesser included offense of the Article 99, UCMJ, misbehavior before the enemy charge and is, therefore, multiplicious. The pre-trial agreement Appellant negotiated with the convening authority contained a so-called "waive all waivable motions" clause. Before accepting Appellant's guilty plea, the military judge specifically discussed this clause with Appellant and trial defense counsel. Trial defense counsel told

the military judge that he had considered raising the multiplicity issue. He further told the military judge that after discussing the strength of the case overall, the legal issue involved, and the benefit to be gained by the pre-trial agreement, Appellant waived his right to raise the issue. The military judge discussed these same matters with Appellant, who affirmed that he was aware of the potential motion but was knowingly waiving judicial review of the issue to obtain the benefit of his pretrial agreement.

Appellant has waived review of this issue. *United States v. Chin*, 75 M.J. 220, 222 (C.A.A.F. 2016) ("Appellant may not raise on appeal, and [the court] cannot rectify, an error that was waived at trial."). *See also United States v. Gladue*, 67 M.J. 311 (C.A.A.F. 2009). The military judge noted his view that the offenses were "clearly not multiplicious under the law" but agreed to merge them for sentencing and "punish [Appellant] only once" for the two offenses. We are aware of our Article 66(c), UCMJ, 10 U.S.C. § 866(c) authority to grant the requested relief upon our own motion but decline to do so in this case. *Chin,* 75 M.J. at 222. The charging scheme employed here did not grossly exaggerate Appellant's criminality, is understandable and justifiable based on the facts of this case, is consistent in application and result as other cases,[3] and, as noted above and by the military judge, not facially and plainly multiplicious. Under our broad Article 66(c), UCMJ, authority, we find that the findings on the charges at issue should be approved.

### Conclusion

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

Judge Zimmerman participated in this decision prior to her retirement.



FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

---

[3] In *United States v. Morchinek*, ACM S32291 (A.F. Ct. Crim. App. 9 May 2016) (unpub. op.), this court upheld convictions of use, distribution, and possession of hashish and misbehavior before the enemy.