# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39135**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Anthony N. FRISCIA**
Second Lieutenant (O-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 14 February 2018

————————————

*Military Judge:* Andrew Kalavanos (arraignment); J. Wesley Moore.

*Approved sentence:* Dismissal, confinement for 8 months, and forfeiture of all pay and allowances. Sentence adjudged 25 May 2016 by GCM convened at Robins Air Force Base, Georgia.

*For Appellant:* Major Patricia Encarnación Miranda, USAF.

*For Appellee:* Colonel Laura J. Megan-Posch, USAF; Major Mary Ellen Payne, USAF; Major Meredith L. Steer, USAF; Gerald R. Bruce, Esquire.

Before JOHNSON, MINK, and DENNIS, *Appellate Military Judges.*

Judge DENNIS delivered the opinion of the court, in which Senior Judge JOHNSON and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

DENNIS, Judge:

In accordance with Appellant's pleas and pursuant to a pretrial agreement (PTA), a general court-martial composed of a military judge sitting alone convicted Appellant of four specifications of failure to go to his appointed place of

duty, one specification of absence without leave, three specifications of wrongful use of a controlled substance (marijuana, oxycodone, and hydrocodone), one specification of wrongful possession of marijuana, and two specifications of solicitation (wrongful possession and introduction of oxycodone onto a military installation) in violation of Articles 86, 112a and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 912a, 934, respectively. Appellant's adjudged and approved sentence consisted of a dismissal, confinement for eight months, and total forfeiture of pay and allowances. Appellant received 87 days of pretrial confinement credit.

Appellant raises two issues on appeal. In his first assignment of error, Appellant asks us to consider whether his conviction for soliciting another to possess oxycodone is unconstitutionally multiplicious with his conviction for soliciting another to introduce oxycodone onto a military installation. In his second assignment of error, Appellant asserts that his sentence to eight months of confinement is inappropriately severe.[1] Finding no error materially prejudicial to Appellant's substantial rights, we affirm the findings and sentence.

## I. BACKGROUND

Appellant's short military career was fraught with misconduct. In August 2014—less than 18 months after his first day of active-duty service—Appellant was arrested for driving under the influence of alcohol. He consequently received a letter of reprimand and an order suspending his base driving privileges. In the months that followed, Appellant began reporting to work late, if at all, earning himself several letters of counseling and reprimand as well as nonjudicial punishment. Appellant also received a second nonjudicial punishment for disobeying the order suspending his base driving privileges. By 2015, Appellant had begun using marijuana and hydrocodone, and was addicted to oxycodone. When a urinalysis revealed his drug abuse, Appellant, who had been living off base, was restricted to the limits of Robins Air Force Base, Georgia.

Appellant's base restriction limited his access to his drug dealer, who went by the name "Rico." So Appellant turned to Airman First Class (A1C) AR, who had become a friend to Appellant after they coached youth basketball together. Over a three-month period spanning between late 2015 and early 2016, Appellant coordinated at least 15 drug transactions with Rico through A1C AR. For each transaction, Appellant instructed A1C AR to obtain the drugs from Rico and deliver them to Appellant's on-base residence. Appellant also permitted A1C AR to keep a portion of the oxycodone for himself. The ongoing scheme

---

[1] This issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

was foiled after a federal investigation into Rico revealed their transactions. Appellant was subsequently placed into pretrial confinement pending trial.

Prior to his court-martial, Appellant entered a PTA with the convening authority whereby Appellant agreed, *inter alia*, to waive all waivable motions in exchange for a confinement cap of ten months. The agreement contained no other limitations on the sentence the convening authority could approve.

## II. DISCUSSION

## A. Multiplicity

Appellant asserts that the specifications in Additional Charge III are unconstitutionally multiplicious. Because Appellant raises the issue for the first time on appeal, we must first clarify, yet again, the meaning of waiver in the context of the PTA provision to "waive all waivable motions." The oft-used provision was squarely addressed by the Court of Appeals for the Armed Forces (CAAF) in *United States v. Gladue*, 67 M.J. 311 (C.A.A.F. 2009). In fact, the court specifically addressed whether such a provision waived, versus forfeited, issues of multiplicity and unreasonable multiplication of charges raised for the first time on appeal. The court held,

> Although the President has prohibited the waiver of certain fundamental rights in a PTA, neither multiplicity nor the unreasonable multiplication of charges is among them. R.C.M. 705(c)(1)(B). Appellant's express waiver of any waivable motions waived claims of multiplicity and unreasonable multiplication of charges, and extinguished his right to raise these issues on appeal. This being the case, we need not reach the issue of whether the specifications were in fact facially duplicative.

*Id.* at 314.

Here, as in *Gladue*, Appellant agreed to waive all waivable motions in his PTA. Likewise, although he did not expressly identify multiplicity as an issue he considered raising at trial, he did establish that his decision to "waive all waivable motions" was knowing and voluntary. Appellant later engaged in an extensive colloquy with the military judge and acknowledged that, in addition to a motion to suppress the defense considered filing, he was also waiving any

motion that could be waived pursuant to a guilty plea. Appellant therefore extinguished his right to raise these issues on appeal and we need not reach the issue of whether the specifications were in fact facially duplicative.[2]

## B. Sentence Appropriateness

Appellant next alleges that his sentence to eight months of confinement is inappropriately severe. We disagree.

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c) (alteration in original). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (alteration in original) (citations omitted). While we have great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 148 (C.A.A.F. 2010).

Appellant bases his sentence severity claim on two factors. First, he alleges that the four specifications for failure to go to his appointed place of duty greatly exaggerate his misconduct. Appellant does not contest that he committed these offenses, but simply restates the extenuating circumstances he shared with the military judge when pleading guilty. Appellant also told the military judge that, notwithstanding the circumstances surrounding his misconduct, he was not justified in committing any of the offenses to which he pleaded guilty. Second, Appellant asserts that the two solicitation specifications should have been only one specification because "[b]y asking [A1C AR] to bring the oxycodone onto the military installation it necessarily included [A1C AR] possessing such oxycodone." In making this argument, Appellant essentially raises an issue of unreasonable multiplication of charges. Based on our earlier finding that Appellant waived appellate review of this issue, we need not further address it.

Based solely on the charges to which he pleaded guilty, Appellant faced a maximum term of confinement of 27 years and 5 months; he was sentenced to eight months, or less than two and a half percent of that amount. Despite multiple efforts to address Appellant's misconduct through less punitive means,

---

[2] We have also considered whether we should exercise our authority to consider Appellant's claim under Article 66(c), UCMJ, 10 U.S.C. § 866(c), in spite of Appellant's waiver. *See United States v. Chin*, 75 M.J. 220 (C.A.A.F. 2016). We decline to do so.

Appellant continued to engage in misconduct, engaged in more serious crimes involving drugs, and eventually recruited a junior Airman to join him. After giving individualized consideration to Appellant, his record of service, the nature and severity of the offenses, and all other matters contained in the record of trial, we do not find Appellant's sentence to be inappropriately severe.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.[3] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

JULIE L. ADAMS
Acting Deputy Clerk of the Court

---

[3] We note that the staff judge advocate recommendation (SJAR) identifies a report of result of trial dated 25 May 2016 but the report attached is dated 29 August 2016, which is after the date of action. However, the report attached to the addendum to the SJAR is dated 25 May 2016 and is otherwise identical to the report dated 29 August 2016.