Judge RYAN
delivered the opinion of the Court.[1]
The Government appeals the United States Air Force Court of Criminal Appeals’ (AFCCA) decision, pursuant to its review under Article- 66(e), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (2012), not to approve certain specifications because they constituted an unreasonable multiplication of charges, despite Appellee’s pretrial agreement (PTA), which waived all waivable motions. United States v. Chin, No. ACM 38462 (recon), 2016 CCA LEXIS 241, 2015 WL 4039695 (A.F.Ct.Crim.App. June 12, 2015) (unpublished). Because we conclude that a ease is subject to a complete appellate review by a Court of Criminal Appeals under Article 66(c), UCMJ, unless, after trial and sentencing, an accused waives appellate review altogether pursuant to Article 61, UCMJ, 10 U.S.C. § 861 (2012), we affirm the decision of the AFCCA.
I. BACKGROUND
The Government and Appellee signed a PTA that included a “waive all waivable motions” provision and limited Appellee’s punishment to a maximum of twenty-four months of confinement and a bad-conduct discharge. At trial, the military judge specifically addressed the “waive all waivable motions” provision. Defense counsel stated that they “would have raised a multiplicity motion.” After determining that “multiplicity motions” were waived as part of the PTA, the military judge approved the PTA and convicted Appellee, consistent with his pleas, of six specifications of failure to obey a lawful general order or regulation, seven specifications of dereliction of duty for failing to store and protect classified information and unauthorized disclosure of that information, one specification of larceny of military property, and five specifications of unauthorized retention and failure to deliver documents relating to the national defense in violation of Articles 92, 121, 134, UCMJ, 10 U.S.C. §§ 892, 921, 934 (2012), Appellee was sentenced to twelve months of confinement, forfeiture of all pay and allowances, reduction to pay grade E-2, and a bad-conduct discharge. The convening authority approved only ten *222 months of confinement but otherwise approved the sentence as adjudged.
On April 7, 2015, the AFCCA dismissed and merged various charges and specifications, citing the doctrine of unreasonable multiplication of charges. United States v. Chin, No. ACM 38452, 2015 CCA LEXIS 140, at *2, 2015 WL 2064411, at *1 (A.F.Ct.Crim.App. Apr. 7, 2015) (unpublished). The AFCCA reassessed Appellee’s sentence and approved the same sentence as originally adjudged by the convening authority. 2015 CCA LEXIS 140, at *33, 2015 WL 2064411, at *11. After granting the Government’s motion for reconsideration, on June 12, 2015, the AFCCA reaffirmed its decision. Chin, 2015 CCA LEXIS 241, at *7 n. 2, *10-11, 2015 WL 4039595, at *2 n. 2, *3. The AFCCA noted that while, “[ojrdinarily, an affirmative waiver of a claim of multiplicity and unreasonable multiplication of charges would end [the] inquiry,” it declined to apply waiver in this case because “Article 66(c) empowers the service courts to consider claims of multiplicity or unreasonable multiplication of charges even when those claims have been waived.” Chin, 2015 CCA LEXIS 241, at *9-11, 2015 WL 4039595, at *3. Furthermore, the AFC-CA observed that “[tjhis deviation from our past treatment and application of waiver is warranted by the facts of this case .... in that ,.. the charging scheme grossly exaggerates the appellant’s criminality,” 2015 CCA LEXIS 241, at *12, 2015 WL 4039595, at *4. The AFCCA then dismissed three specifications as being an unreasonable multiplication of charges for findings and merged five specifications for sentencing. 2015 CCA LEXIS 241, at *19-31, *35, 2015 WL 4039695, at *6-9, *11. In its reassessment of Appellee’s sentence, the AFCCA approved the adjudged sentence. 2015 CCA LEXIS 241, at *31-35, 2015 WL 4039595, at *10-11.
II. DISCUSSION
A.
The scope and meaning of both Article 66(e), UCMJ, and Article 61, UCMJ, are matters of statutory interpretation, questions of law reviewed de novo. United States v. Schloff, 74 M.J. 312, 313 (C.A.A.F.2015), cert. denied, — U.S. -, 136 S.Ct. 915, 193 L.Ed.2d 793 (2016).
We agree that as a general matter “[w]hen an error is waived, ... the result is that there is no error at all and an appellate court is without authority to reverse a conviction on that basis.” United States v. Weathers, 186 F.3d 948, 955 (D.C.Cir.1999); see also United States v. Olano, 507 U.S. 725, 732-34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). This rule is consistent with the “limited power” language of Federal Rule of Criminal Procedure 52(b). Olano, 507 U.S. at 731-33, 113 S.Ct. 1770. In line with this precedent and this Court’s more circumscribed statutory authority, we have held that an appellant may not raise on appeal, and that we cannot rectify, an error that was waived at trial. United States v. Campos, 67 M.J. 330, 332-33 (C.A.A.F.2009); United States v. Gladue, 67 M.J. 311, 313 (C.A.A.F.2009).
However, this “ordinary” rule does not apply to a CCA’s wholly dissimilar statutory review. Article 66(e), UCMJ, requires that the CCAs conduct a plenary review and that they “affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [they] find[ ] correct in law and fact and determine[ ], on the basis of the entire record, should be approved.” Article 66(c), UCMJ; see also United States v. Nerad, 69 M.J. 138, 141-44 (C.A.A.F.2010); United States v. Quiroz, 55 M.J. 334, 338 (C.A.A.F.2001); United States v. Claxton, 32 M.J. 159, 162 (C.M.A.1991); United States v. Cole, 31 M.J. 270, 272 (C.M.A.1990); United States v. Evans, 28 M.J. 74, 75-76 (C.M.A.1989); United States v. Britton, 26 M.J. 24, 26-27 (C.M.A.1988). A complete Article 66, UCMJ, review is a “substantial right” of an accused, United States v. Jenkins, 60 M.J. 27, 30 (C.A.A.F.2004), and a CCA may not rely on only selected portions of a record or allegations of error alone. See United States v. Adams, 59 M.J. 367, 372 (C.A.A.F.2004); see also United States v. Roach, 66 M.J. 410, 412 (C.A.A.F.2008) (“[T]he scope of review by the [CCA] differs in significant respect *223 from direct review in the civilian federal appellate courts.”).
“If the sentence approved by the convening authority includes capital punishment, a punitive discharge, or confinement for one year or more, [Article 66(c), UCMJ,] provides for mandatory review,” and the CCAs have an “affirmative obligation to ensure that the findings and sentence in each such case are ‘correct in law and fact ... and should be approved.’ ” United States v. Miller, 62 M.J. 471, 472 (C.A.A.F.2006) (alteration in original) (citation omitted). There is no “waiver” exception in the statute, nor do we think reading one in makes sense given the existence of Article 61, UCMJ, and its associated rules.
While an accused is prevented from raising an issue by a “waive all waivable motions” provision, an accused has no authority to waive a CCA’s statutory mandate unless, through Article 61, UCMJ, procedures, the accused waives the right to appellate review altogether—and that election cannot be made until after the trial and sentencing. See also Rules for Courts-Martial (R.C.M.) 1110(a); R.C.M. 1110(f)(1). Because Article 61, UCMJ, is the exclusive means by which an accused can waive the right to a complete appellate review, Miller, 62 M.J. at 472, that right cannot be waived in a PTA, even when a “waive all waivable motions” provision is given full effect. See R.C.M. 705(c)(1)(B) (proscribing the enforcement of terms in a PTA that would deprive an accused of certain rights, including “the complete and effective exercise of post-trial and appellate rights”); see also United States v. Smith, 44 M.J. 387, 391 (C.A.A.F.1996) (noting that “[t]he language that Congress chose to permit [waiver of the right to appellate review] is both precise and particular”). It would defy logic to conclude that while an accused may not waive the right to complete appellate review as part of a PTA, she can nonetheless sidestep Article 61, UCMJ, and the temporal protections built into it by virtue of a “waive all waivable motions” provision in a PTA, permitting ... an accused to, in effect, waive the right to complete appellate review as part of a PTA.
We decline to construe Article 66(c), UCMJ, in such a fashion that the particular and protective waiver procedure provided by Article 61, UCMJ, and its accompanying rules can be circumvented in this way, which would be at odds with the overall structure of the UCMJ. Either a case is subject to a complete appellate review under Article 66(c), UCMJ, or it is not because such review was waived—after trial and sentencing—under Article 61, UCMJ. See Miller, 62 M.J. at 472. If an appellant elects to proceed with Article 66, UCMJ, review, as in this case, then the CCA is commanded by statute to review the entire record and approve only that which “should be approved.” A fortiori, the CCAs are required to assess the entire record to determine whether to leave an accused’s waiver intact, or to correct the error. Cf. United States v. Tardif, 57 M.J. 219, 223 (C.A.A.F.2002).
Contrary to the Government’s claims of Armageddon, there is nothing new about today’s decision, and it does not mean that a “waive all waivable motions” provision or unconditional guilty plea is without meaning or effect. Waiver at the trial level continues to preclude an appellant from raising the issue before either the CCA or this Court. See Gladue, 67 M.J. at 313-14. And a “waive all waivable motions” provision or unconditional guilty plea continues to serve as a factor for a CCA to weigh in determining whether to nonetheless disapprove a finding or sentence. Article 66, UCMJ, is neither limitless nor standardless, Nerad, 69 M.J. at 145-46, and CCAs are presumed to know the law and follow it, see United States v. Schweitzer, 68 M.J. 133, 139 (C.A.A.F.2009).
B.
In this case, the CCA provided a detailed explanation'for disapproving and merging offenses despite Appellee’s waiver, holding that “[t]his deviation from our past treatment and application of waiver is warranted by the facts of this case-in that ... the charging scheme grossly exaggerates the appellant’s criminality.” Chin, 2015 CCA LEXIS 241, at *10-12, 2015 WL 4039595, at *3-4. *224 The CCA disapproved specifications based on a legal standard, citing the fact that “the unreasonable multiplication of charges [was] so plainly presented in this case.” 2015 CCA LEXIS 241, at *12, 2015 WL 4039595, at *4. That rationale is based on the legal standard this Court gave them, see Nerad, 69 M.J. at 147, and the CCA’s action was well within the limitations of its Article 66(c), UCMJ, review. See United States v. Anderson, 68 M.J. 378, 386 (C.A.A.F.2010).
III. JUDGMENT
The certified question is answered in the negative, and the decision of the United States Air Force Court of Criminal Appeals is affirmed.

. Senior Judge David B. Sentelle, of the United States Court of Appeals for the District of Columbia Circuit, sat by designation, pursuant to Article 142(f), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 942(f) (2012).