# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SALUSSOLIA, SALADINO, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 SHONTONIO K. TIDWELL**
**United States Army, Appellant**

ARMY 20180476

Headquarters, 1st Cavalry Division
Douglas K. Watkins and Jacob D. Bashore, Military Judges
Colonel Emily C. Schiffer, Staff Judge Advocate

For Appellant: Captain Benjamin A. Accinelli, JA; Captain Benjamin J. Wetherell, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.4, no response filed.

20 May 2019

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant pursuant to his pleas of two specifications of desertion, in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885 [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, seven months confinement, forfeiture of $1,223 pay per month for four months, and reduction to the grade of Private E-1. Appellant's pre-trial agreement limited confinement to one hundred eighty days.

Appellant's case is before the court for review pursuant to Article 66, UCMJ. After considering the entire record of trial, we find one matter warrants discussion and relief, specifically adjudged forfeitures.[1]

---

[1] Appellant's case was "submitted on its merits;" however we are exercising our authority under Article 66, UCMJ, to notice the error not raised by counsel. *See, e.g., United States v. Chin*, 75 M.J. 220, 222-23 (C.A.A.F. 2016); *United States v. Conley*, 78 M.J. 747 (Army Ct. Crim. App. 2019).

## LAW AND DISCUSSION

Article 19, UCMJ, limits forfeitures at a special court-martial to two-thirds pay per month for a maximum period of twelve months. Rule for Courts-Martial (R.C.M.) 1003(b)(2) states "the maximum forfeiture shall be based on the grade to which the accused is reduced." At the time of trial, appellant was a Private E-2 with over three years of service. His base pay was $1,836.30 per month.[2] The base pay for a soldier with similar time in service serving in the lower enlisted grade, Private E-1, was $1,638.30. *See* 2018 Military Pay Table.

We find the military judge erred when calculating two-thirds forfeiture of monthly pay using appellant's E-2 base pay as opposed to the base pay associated with his adjudged reduction to E-1. Applying two-thirds to $1,638.30, appellant's base pay at the reduced grade, results in forfeiture of $1,092.00 pay per month for four months.[3]

## CONCLUSION

The findings of guilty as approved by the convening authority are AFFIRMED.

On consideration of the entire record, we affirm only so much of the sentence as provides for a bad-conduct discharge, one hundred eighty days confinement, forfeiture of $1,092.00 pay per month for four months, and reduction to Private E-1.

All rights, privileges, and property of which appellant has been deprived by virtue of that portion of his approved sentence set aside by this decision are ordered restored. *See* Articles 58b(c) and 75(a), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] Two-thirds of appellant's E-2 base pay, $1,836.30, equals $1,224.20. The military judge announced $1,223.00 pay per month for four months. "Unless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount in whole dollars to be forfeited each month and the number of months the forfeitures will last." R.C.M. 1003(b)(2).

[3] Two-thirds of $1,638.30 equals $1,092.20; rounding down to the whole dollar results in forfeiture of $1,092.00 pay per month for four months.