*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
HOLIFIELD, STEWART, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Jordan D. CARUSO**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202000085**

Decided: 4 May 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Lawrence C. Lee

Sentence adjudged 22 November 2019 by a special court-martial convened at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: a reprimand, reduction to E-1, confinement for 10 months, and a bad-conduct discharge

For Appellant:
*Commander Michael Maffei, JAGC, USN*

For Appellee:
*Lieutenant Commander Jeffrey S. Marden, JAGC, USN*

———————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under NMCCA
Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, pursuant to his pleas, of violating a lawful general order, carrying a concealed weapon, transporting illegal aliens within the United States, and conspiring to transport illegal aliens within the United States, in violation of Articles 92, 114, and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 892, 914, 934.

Appellant asserts one assignment of error: that the Government unreasonably multiplied charges against him when they secured a conviction for two specifications of violating a lawful general order for the single act of possessing a firearm on base. We find no prejudicial error and affirm.

## I. BACKGROUND

On 10 July 2019, Appellant responded to an advertisement on a social media application that stated, "Want to make cash?" The online advertisement offered to hire Appellant for approximately three hours of driving. Appellant agreed and was instructed to drive to a casino in Alpine, California. When he arrived at the casino, he was informed he would be driving to another location to pick up two illegal aliens. Appellant proceeded to the pick-up location, and upon his arrival, two individuals whom Appellant understood to be illegal aliens entered his vehicle.

Appellant proceeded to drive toward El Cajon, California, but was stopped by United States Customs and Border Patrol agents. Although he did not possess a concealed weapon permit, Appellant admitted to the agents that he had a firearm in the vehicle and that it was registered to him. During a search incident to Appellant's arrest, the agents found a loaded Sig Sauer P320 9-millimeter handgun in the vehicle's glove box. Later, Appellant acknowledged to Naval Criminal Investigative Service agents that he had brought and stored this weapon on base between April and July 2019.

Appellant was charged with, *inter alia*, two specifications of failure to obey a lawful general order—one for "wrongfully possessing a . . . handgun on base without registration," and another for "wrongfully keeping and storing a

. . . handgun in his barracks room and personally owned vehicle on base."[1] Appellant pleaded guilty to all charges and specifications.

Additional facts necessary to resolve the assignment of error are discussed below.

## II. DISCUSSION

For the first time on appeal, Appellant claims it was error for the military judge to accept his pleas of guilty to both specifications under Charge I because both specifications allege the same conduct—possession of a firearm. Appellant asserts that his failure at trial to object to an unreasonable multiplication of charges amounts to forfeiture rather than waiver.

"Defenses or objections based on defects in the charges and specifications," such as objections to an unreasonable multiplication of charges, "*must* be raised before a plea is entered." Rule for Courts-Martial 905(b)(2) (emphasis added). "Failure by a party to raise defenses or objections or to make motions or requests which must be made before pleas are entered under subsection (b) of this rule forfeits the defenses or objections absent an affirmative waiver." Rule for Courts-Martial 905(e)(1). "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'"[2] It is well settled that "[an] express waiver of any waivable motions waive[s] claims of multiplicity and unreasonable multiplication of charges, and extinguishe[s] [the] right to raise these issues on appeal."[3]

Before trial, Appellant entered into a plea agreement that contained a provision in which he "specifically agree[d] to waive all motions except those that are non-waivable."[4] At trial, before accepting Appellant's pleas, the Military Judge nonetheless advised Appellant that he should raise any motions to dismiss or grant other appropriate relief "at this time."[5] After

---

[1] Charge sheet.

[2] *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458 (1938)).

[3] *United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009).

[4] App. Ex. I at 5.

[5] R. at 11.

responding through counsel that "the Defense has no pretrial motions,"[6] Appellant unconditionally pleaded guilty to all charges and specifications.

Because Appellant not only failed to raise the issue of unreasonable multiplication of charges at trial, but also affirmatively waived all waivable motions in the plea agreement, we conclude Appellant waived his right to raise the issue on appeal.

We are aware of our obligation under Article 66(d), UCMJ, to "affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as [we] find[ ] correct in law and fact and determine[ ], on the basis of the entire record, should be approved,[7] as well as our ability under *United States v. Chin* "to determine whether to leave an accused's waiver intact, or to correct the error."[8] But after considering these obligations, even if we were to address the issue despite the waiver, we would conclude under *United States v. Quiroz*[9] there was no error at this special court-martial, as the specifications of which Appellant complains address different conduct—one is a registration requirement; the other, a storage requirement. As such, we affirm the findings and sentence as adjudged.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. UCMJ arts. 59, 66.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[6] R. at 11.

[7] UCMJ art. 66(d)(1); *Chin*, 75 M.J. 220 (citing former UCMJ art. 66(c)).

[8] *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016).

[9] 55 M.J. 334 (C.A.A.F. 2001).