*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

### UNITED STATES
Appellee/Cross-Appellant

**v.**

### Paul E. COOPER, Yeoman Second Class
United States Navy, Appellant/Cross-Appellee

**Nos. 21-0149 & 21-0150**

Crim. App. No. 201500039

Argued October 20, 2021—Decided December 13, 2021

Military Judges: Robert B. Blazewick (trial) and
Marcus N. Fulton (*DuBay* hearing)

For Appellant/Cross-Appellee: *Lieutenant Michael W. Wester*, JAGC, USN (argued).

For Appellee/Cross-Appellant: *Major Kerry E. Friedewald*, USMC (argued); *Lieutenant Colonel Christopher G. Blosser*, USMC, *Lieutenant Colonel Nicholas L. Gannon,* USMC, *Lieutenant Gregory A. Rustico,* JAGC, USN, and *Brian K. Keller,* Esq. (on brief); *Lieutenant Joshua C. Fiveson*, JAGC, USN.

Judge MAGGS delivered the opinion of the Court, in which Chief Judge OHLSON, Judge SPARKS, Judge HARDY, and Senior Judge EFFRON, joined.

———————

Judge MAGGS delivered the opinion of the Court.

This Court previously reviewed this case in 2019. *United States v. Cooper*, 78 M.J. 283 (C.A.A.F. 2019). At that time, we concluded that Appellant/Cross-Appellee Yeoman Second Class (YN2) Cooper had waived his right to request individual military counsel (IMC). *Id.* at 287. We then remanded the case for further review. *Id.* On remand, the United States Navy-Marine Corps Court of Criminal Appeals (NMCCA) held that YN2 Cooper had received ineffective assistance of counsel. *United States v. Cooper*, 80 M.J. 664, 666 (N-M. Ct. Crim. App. 2020). As a consequence, the NMCCA set aside the findings and sentence in this case and authorized a new trial. *Id.*

The Judge Advocate General of the Navy, believing that the NMCCA had reached the ineffective assistance of counsel issue in an improper manner, then certified the following question to this Court: "Did the lower court err applying *United States v. Chin*, 75 M.J. 220 (C.A.A.F. 2016), (a) as a prerequisite to considering ineffective assistance of counsel, and (b) to disregard the knowing, voluntary, and R.C.M. 905 waivers, of individual military counsel?" *United States v. Cooper*, 81 M.J. 135 (C.A.A.F. 2021). YN2 Cooper also has appealed, asserting alternative grounds for affirming the NMCCA's decision.[1]

After careful consideration of the parties' contentions, we have determined that we need not decide the certified issue because the Government now concedes that the NMCCA could have reached the ineffective assistance of counsel issue without relying on our decision in *Chin*. As a result, whether the NMCCA erred in applying *Chin* to reach the ineffective assistance of counsel issue is of no consequence in this case.

---

[1] The two assigned issues that YN2 Cooper has raised in his separate appeal are:

> I. An accused has a constitutional right to have his counsel make a proper argument on the evidence and applicable law in his favor. Did the military judge abuse his discretion when he allowed the members to recall the complaining witness after deliberations but refused the defense request to present a renewed closing summation on her new testimony? Did the lower court err by refusing to consider the issue?

> II. An appellant has the right to the effective representation by appellate counsel. Were appellate counsel ineffective where: (1) counsel failed to assign as error the military judge's denial of a renewed closing argument despite defense counsel's objection at trial; (2) this Court decided *United States v. Bess*, 75 M.J. 70 (C.A.A.F. 2016), one month before counsel filed a supplemental brief raising assignments of error before the lower court; and (3) the lower court refused to consider the issue when it was raised during a later remand to that court?

*United States v. Cooper*, 81 M.J 319 (C.A.A.F. 2021) (order granting review).

Accordingly, we are presented with no grounds for setting aside the NMCCA's decision. We therefore affirm the NMCCA, and we do not reach the issues that YN2 Cooper has raised in his appeal.

## I. Background

Our previous opinion in this case describes in detail the facts and procedure in this case. *Cooper*, 78 M.J. at 283–86. To recapitulate briefly, YN2 Cooper was charged with one specification of violating a general order, three specifications of sexual assault, and one specification of abusive sexual contact in violation of Articles 92 and 120, UCMJ, 10 U.S.C. §§ 892, 920 (2012). Upon learning of the charges, YN2 Cooper informed his detailed trial defense counsel that he would like to be represented by individual military counsel (IMC). *See* Rule for Courts-Martial (R.C.M.) 506(b). The IMC whom YN2 Cooper most desired was a judge advocate in the California National Guard. YN2 Cooper's detailed trial defense counsel, however, did not properly forward YN2 Cooper's request for this judge advocate to serve as IMC. Instead, the detailed trial defense counsel incorrectly told YN2 Cooper that the requested judge advocate was not available.

At arraignment, in accordance with R.C.M. 901(d)(4), the military judge inquired about YN2 Cooper's desires with respect to counsel. YN2 Cooper told the military judge that he wished to be represented by his detailed trial defense counsel and no one else. The court-martial subsequently found YN2 Cooper not guilty of the charge and specification under Article 92, UCMJ, but guilty of the charges and specifications under Article 120, UCMJ. The court-martial sentenced YN2 Cooper to a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to pay grade E-1.

On appeal, the NMCCA concluded that YN2 Cooper had been deprived of his statutory right to IMC and had suffered material prejudice. *United States v. Cooper*, No. NMCCA 201500039, 2018 CCA LEXIS 114, *22–45, 2018 WL 1178847, at *8–16 (N-M. Ct. Crim. App. Mar. 7, 2018) (unpublished). The NMCCA, accordingly, set aside the findings and sentence and authorized a rehearing. *Id.* at *53, 2018 WL 1178847, at *19. Although YN2 Cooper also sought relief on grounds that

he had received ineffective assistance of counsel, the NMCCA did not reach this issue because its ruling that YN2 Cooper had been denied his right to IMC had mooted this question. *Id*. at *3 & n.3, 2018 WL 1178847, at *1 & n.3.

After the NMCCA issued its decision, the Judge Advocate General certified four issues to this Court:

> (1) Did Appellee waive the right to IMC?; (2) Should the failure of the detailed defense counsel to submit a request for IMC be reviewed under the *Strickland v. Washington* standard for ineffective assistance of counsel (IAC)?; (3) If *Strickland* does not apply, was Appellee deprived of his statutory right to IMC?; (4) Was Appellee prejudiced?

*Cooper*, 78 M.J. at 283 (footnote omitted). This Court answered the first question in the affirmative and did not answer the other three. *Id*. This Court then remanded the case to the NMCCA for further proceedings. *Id*.

In our decision, this Court made two statements concerning the unanswered certified issues. Toward the start of the opinion, this Court said: "In light of our waiver determination, the remaining certified issues are moot." *Id*. Near the end of the opinion, this Court stated: "[The decision that YN2 Cooper had knowingly and intelligently waived his right to IMC] leaves unanswered other issues the CCA determined were mooted by its decision that Appellee was denied his statutory right to IMC. . . . We leave those issues for the CCA to resolve on remand." *Id*. at 287.

On remand, one of the issues raised by YN2 Cooper was whether his trial defense counsel had provided ineffective assistance of counsel. Addressing the question of whether the NMCCA could reach this issue, YN2 Cooper argued: "While the CAAF . . . held [YN2 Cooper] waived his right to IMC by remaining silent, this does not address the separate issue of whether counsel were ineffective." (Footnote omitted.) On the merits of the ineffective assistance issue, YN2 Cooper argued that he had "only remained silent since he was relying on his counsel's erroneous claims that [his requested IMC] was unavailable." The Government responded by arguing that YN2 Cooper had waived his ineffective assistance of counsel claim. The Government asserted that "this claim is nothing more than a thinly veiled attempt to subvert the Court of Appeals

for the Armed Forces' holding that he waived the right to individual military counsel." In the alternative, addressing the merits of the issue, the Government argued that YN2 Cooper did not have a valid ineffective assistance of counsel claim because he could not show actual prejudice.

The NMCCA appears to have agreed with the Government's argument that YN2 Cooper's waiver of his right to IMC also waived his ineffective assistance of counsel claim. *Cooper*, 80 M.J. at 671. But the NMCCA concluded, on the basis of *United States v. Chin*, 75 M.J. 220 (C.A.A.F. 2016), that it could—and should—disregard YN2 Cooper's waiver of his right to IMC.[2] 80 M.J. at 671–72. And by disregarding YN2 Cooper's waiver, the NMCCA believed it could consider his ineffective assistance of counsel claim. *Id.* at 671. The NMCCA explained:

> Based on *Chin* and the text of Article 66, we invoke our statutory authority to disregard [YN2 Cooper's] in-court waiver of his right to IMC. As a matter of law, CAAF has spoken on [YN2 Cooper's] waiver. It is a waiver. We have no authority to conclude otherwise, and we do not do so here. CAAF did not, however, address whether [YN2 Cooper's detailed trial defense counsel] committed IAC. Under its Article 67 statutory authority, once CAAF found a waiver on IMC, the underlying IAC issue was moot, but not necessarily resolved. CAAF did not proceed to resolve the underlying IAC issue and bar this Court from resolving the issue, or bar [YN2 Cooper] from asking this Court to resolve it.

*Id.*

The NMCCA then proceeded to examine YN2 Cooper's ineffective assistance of counsel claim under the test described in *Strickland v. Washington*, 466 U.S. 668 (1984). 80 M.J. at 672–77. The NMCCA concluded that the detailed trial defense counsel's performance was deficient because that counsel had failed to forward the IMC request for formal action.

---

[2] In *Chin*, this Court did not reverse a decision of the United States Air Force Court of Criminal Appeal to use its Article 66(c), UCMJ, 10 U.S.C. § 866(c), review power to look past an appellant's general waiver of all waivable motions to address an unreasonable multiplication of charges. 75 M.J. at 223. In their briefs to the NMCCA in this case, neither party discussed or even cited *Chin*.

*Id.* at 673. The NMCCA addressed the issue of prejudice with alternate holdings. The court first concluded that no showing of actual prejudice was required "for this manner of violation of [YN2 Cooper's] statutory right to IMC." *Id.* at 676. In the alternative, the NMCCA concluded that "[YN2 Cooper] suffered material prejudice in both the preparatory stages of his court-martial and at trial when his IMC request was never drafted and forwarded to [the requested judge advocate's] chain-of-command for consideration and approval." *Id.* at 677.

One judge dissented, concluding that this Court's decision precluded the NMCCA from reopening the issue of waiver and the related ineffective assistance of counsel issue. *Id.* at 678 (Crisfield, C.J. Emeritus, dissenting). The dissenting judge wrote: "I cannot read CAAF's opinion as authority for us to review, de novo, assignments of error related to [YN2 Cooper's] desire for an individual military counsel. Those issues are now res judicata." *Id.* The dissenting judge also disagreed with the majority's application of *Chin* and the majority's reasoning about the issue of prejudice. *Id.* at 678–79.

The Judge Advocate General, as noted, then certified the issue of whether "the lower court err[ed] applying *United States v. Chin*," both as "a prerequisite to considering ineffective assistance of counsel" and as authority for "disregard[ing] the knowing, voluntary, and R.C.M. 905 waivers of individual military counsel." *Cooper*, 81 M.J. at 135.

## II. Discussion

In their briefs and at oral arguments in this second appeal to this Court, counsel for both sides have thoroughly discussed this Court's holding in *Chin* and the circumstances under which it might or might not allow a Court of Criminal Appeals to disregard a waiver. At the same time, however, counsel for both sides have stated that we need not decide the central question of the certified issue, namely, whether the lower court erred in applying *Chin*. Specifically, the parties both have asserted that the NMCCA could have reached the ineffective assistance of counsel claim without relying on *Chin*.

When this case was previously here, this Court determined that YN2 Cooper had waived his right to IMC and said that the remaining three certified issues were "moot." *Cooper*,

78 M.J. at 283. In its brief to the NMCCA, as described above, the Government argued that this holding prevented YN2 Cooper from raising an ineffective assistance claim before the NMCCA. But the Government now reasons that this Court's conclusions in the first appeal did not preclude the NMCCA from reviewing the ineffective assistance of counsel claim upon remand. The Government explains:

> [T]his Court found the remaining certified issues moot because the lower court never resolved the ineffective assistance of counsel claim in the first direct review, thus remand was required. . . . The second certified issue did not ask this Court to apply *Strickland* itself to the ineffectiveness claim—indeed, it could not have, since the lower court had not yet answered the *Strickland* question.
>
> Therefore, because this Court's holding on waiver did not preclude the lower court from applying *Strickland* to the ineffective assistance claim, the lower court was not faced with a situation where it could only reach the issue by disregarding the waiver under *Chin*.

Reply Brief for Appellee/Cross-Appellant at 3–4, *United States v. Cooper,* No. 21-0150 (C.A.A.F. May 17, 2021). As noted above, YN2 Cooper's brief before the NMCCA made essentially the same argument. And during oral argument before this Court, counsel for YN2 Cooper also agreed that this Court's decision on waiver did not preclude the NMCCA from directly reviewing the ineffective assistance of counsel issue without going through *Chin*.

We agree with the reasoning and conclusion of the parties on this issue. Our decision in the first appeal that YN2 Cooper had waived his statutory right to request IMC did not preclude YN2 Cooper from asserting an ineffective assistance of counsel claim on remand. Perhaps this Court's initial statement that the undecided issues were "moot" was ambiguous. But this Court clarified any uncertainty at the end of the opinion by stating unambiguously that the "other issues the CCA determined were mooted by its decision that Appellee was denied his statutory right to IMC"—which included the ineffective assistance of counsel issue—were "unanswered" and were left "for the CCA to resolve on remand." *Cooper*, 78 M.J. at 287. The Government and YN2 Cooper are thus correct in

asserting that the NMCCA had no need to use *Chin* to disregard the waiver of the right to IMC.[3] Accordingly, it does not matter whether the NMCCA correctly understood and applied *Chin*. We therefore see no need to decide the certified issue or express any opinion about whether the NMCCA applied *Chin* properly or improperly in this case.

The Government has not limited its arguments to questions about *Chin*. Instead, the Government also argues that the NMCCA erred in its analysis of the ineffective assistance of counsel issue. The Government specifically faults the NMCCA for not recognizing that "[b]y waiving the right to individual military counsel and electing to be represented by his Detailed Defense Counsel, [YN2 Cooper] contributed to the denial of individual military counsel that he seeks to lay solely at the feet of his Detailed Defense Counsel." We decline to consider this argument, and other arguments, about ineffective assistance of counsel because the Government did not certify an issue concerning ineffective assistance of counsel to this Court.

In making this decision, we recognize that the NMCCA's reliance on *Chin* may have influenced its analysis of the ineffective assistance argument. But the certified question of whether the NMCCA correctly applied *Chin* to reach the ineffective assistance claim is still different from the question of whether the NMCCA correctly decided the ineffective assistance claim. The Judge Advocate General could have certified the latter question to us but it did not. We therefore need not address the issue of whether the NMCCA correctly decided the ineffective assistance of counsel claim. *See United States v. Jacobsen*, 77 M.J. 81, 83 n.2 (C.A.A.F. 2017) (declining to decide an issue that "was not certified" because it was "simply not before us"). Accordingly, we affirm the NMCCA's judgment because the Government has not properly pre-

---

[3] We also note that YN2 Cooper's IMC waiver could not have waived the ineffective assistance of counsel claim because "an appellant cannot waive a claim of ineffective assistance of counsel where waiver is based on the very advice he asserts was ineffective." *United States v. Gooch*, 69 M.J. 353, 355 n.2 (C.A.A.F. 2011).

sented any argument for setting it aside. And because we affirm the NMCCA's judgment, we have no need to reach the assigned issues in YN2 Cooper's appeal.

### III. Judgment

The judgment of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.