# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40287**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Michael E. HERNANDEZ**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 14 June 2023

————————————

*Military Judge*: Christina M. Jimenez.

*Sentence*: Sentence adjudged on 21 March 2022 by GCM convened at Hill Air Force Base, Utah. Sentence entered by military judge on 18 April 2022: Dishonorable discharge, confinement for 5 years, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant*: Major David L. Bosner, USAF; Captain Samantha P. Golseth, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire; Alexis R. Wooldridge (legal intern).[1]

Before RICHARDSON, CADOTTE, and ANNEXSTAD, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

---

[1] Alexis R. Wooldridge is a legal intern who was at all times supervised by an attorney admitted to practice before this court.

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of three specifications of aggravated assault with a deadly weapon in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928.[2,3] After accepting Appellant's pleas, the military judge sentenced Appellant to a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to the grade of E-1.

Appellant raises two issues on appeal: (1) whether the findings of guilty to the two specifications of the Additional Charge should be set aside and dismissed because they are unreasonably multiplied with the Specification of Charge I; and (2) whether his sentence is inappropriately severe.

As to issue (1), we find the record demonstrates that Appellant expressly waived all waivable motions in his plea agreement and, more specifically, affirmatively waived all motions on the record when questioned by the military judge during the guilty plea inquiry. As our superior court has recognized, "an unconditional guilty plea waives any unpreserved unreasonable multiplication of charges objection." *United States v. Hardy*, 77 M.J. 438, 443 (C.A.A.F. 2018). Recognizing the principle of law stated in *Hardy,* we conclude Appellant waived the issue in this case. We have also evaluated whether to exercise our authority and mandate under Article 66(d), UCMJ, 10 U.S.C. § 866(d), to act despite Appellant's waiver, and determine that such action is not warranted in this case. *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016).

---

[2] All references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] Appellant was originally arraigned on two charges and three specifications of attempted unpremeditated murder (Charge I and the Additional Charge); one charge and one specification of endangering human life by discharging a firearm (Charge II); and one charge and one specification of obstruction of justice (Charge IV), in violation of Articles 80, 114, and 131b, UCMJ, 10 U.S.C. §§ 880, 914, 931b. Appellant was found not guilty of Charge I and the Additional Charge, but guilty to three specifications of aggravated assault with a dangerous weapon, in violation of Article 128, UCMJ. *See U.S. v. Ballan*, 71 M.J. 28, 32 (C.A.A.F. 2012) (holding that the convening authority can refer an offense to a court-martial but later enter into a plea agreement whereby the accused agrees to plead guilty to a different offense, not a lesser included offense of the original charge). Charges II and IV were dismissed with prejudice pursuant to a plea agreement. Charge III was not referred to trial.

As to Appellant's second issue, we find it does not warrant discussion or relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

## CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court