# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WALKER, POND, and PARKER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JUSTIN C. DENHAM**
**United States Army, Appellant**

ARMY 20230278

Headquarters, Fort Campbell
Travis Rogers, Military Judge (arraignment)
Michael Farkas, Military Judge (trial)
Lieutenant Colonel Jason A. Coats, Staff Judge Advocate

For Appellant: Major Robert W. Rodriguez, JA; Captain Robert W. Duffie, JA.

For Appellee: Lieutenant Colonel Jacqueline J. DeGaine, JA.

25 January 2024

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WALKER, Senior Judge:

Appellant asserts that the military judge incorrectly believed appellant's plea required a mandatory reduction to E-1. We agree and provide relief in our decretal paragraph.

On 8 May 2023, a military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of one specification of sexual assault and one specification of assault consummated by a battery, in violation of Articles 120 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928 [UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for a total of twenty-four months, total forfeiture of pay and allowances, and reduction to E-1.

## BACKGROUND

Appellant pleaded guilty pursuant to a plea agreement. The plea agreement set minimum and maximum terms of confinement with the limitation they run concurrently, as well as required a dishonorable discharge to be adjudged, and stated that aside from those requirements, "all other lawful punishments may be adjudged." Terms specifying a reduction in rank were not included in the sentence limitations of the plea agreement.

At trial, the military judge summarized on the record a Rule for Courts-Martial (R.C.M.) 802 conference the parties had concerning appellant's guilty plea, stating that "[a]ll parties agree that the reduction to E-1 is mandatory under the terms of this plea agreement, under Article 58(a)." At the end of the summary, the military judge asked the parties if they agreed, to which both the government and defense answered, "Yes, Your Honor." Later, after discussing the authorized maximum punishment with the parties, the military judge inquired once again about the reduction in rank:

> MJ: And Counsel, I know we discussed this earlier, but just so the record is clear. Do you both agree that reduction in rank to E-1 is mandatory based on the accused guilty plea and the sentence limitation delineated in the plea agreement?
>
> TC: Yes, Your Honor.
>
> DC: Yes, Your Honor.
>
> MJ: Thank you, Defense. Sergeant Denham, do you understand that reduction of rank to E-1 is mandatory under the terms of your plea agreement?
>
> ACC: Yes, Your Honor.

Appellant was convicted for offenses that occurred on or about 4 April 2020 and on or about 12 May 2022.

## LAW AND DISCUSSION

First, we find that appellant affirmatively waived this issue when he agreed on the record that the reduction in rank to E-1 was mandatory. *See United States v. Davis*, 79 M.J. 329, 331 (2020). We elect to pierce waiver and grant appellant relief because the military judge's interpretation and application of the law was clearly erroneous. *See United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016) ("CCAs are

required to assess the entire record to determine whether to leave an accused's waiver intact, or to correct the error.").

Article 58a, UCMJ, states that an enlisted member receiving an adjudged court-martial sentence that includes a dishonorable discharge will automatically be reduced to the grade of E-1 "if such reduction is authorized by regulation prescribed by the President." No such authorization occurred until the President signed Executive Order 14103 on 28 July 2023, making an automatic reduction pursuant to Article 58a, UCMJ, inapplicable at the time of appellant's trial on 8 May 2023. *See* Executive Order 14,103, 88 Fed. Reg. 50,535 (July 28, 2023). Therefore, the military judge's interpretation that Article 58a, UCMJ, required appellant to receive an automatic reduction to E-1 pursuant to his plea agreement was clearly erroneous. As we cannot be certain if the military judge reduced appellant as a result of this error, as opposed to using his discretion, we provide sentence relief in our decretal paragraph below.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. We affirm only so much of the sentence as provides for a dishonorable discharge, confinement for a total of twenty-four months, and total forfeiture of pay and allowances.

Judge POND and Judge PARKER concur.

FOR THE COURT:

// JAMES W. HERRING, JR.
Clerk of Court