# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

––––––––––––––––––

**No. ACM 40305 (f rev)**

––––––––––––––––––

**UNITED STATES**
*Appellee*

**v.**

**Michael A. PORTILLOS**
Staff Sergeant (E-5), U.S. Air Force,
*Appellant*

––––––––––––––––––

Appeal from the United States Air Force Trial Judiciary

Decided 30 April 2024

––––––––––––––––––

*Military Judge*: Sterling C. Pendleton (trial and remand).

*Sentence*: Sentence adjudged 24 March 2022 by GCM convened at Aviano Air Base, Italy. Sentence entered by military judge on 29 March 2022 and reentered on 13 December 2023: Bad-conduct discharge, confinement for 12 months, and reduction to E-1.

*For Appellant*: Major David L. Bosner, USAF; Major Samantha P. Golseth, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Major Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before ANNEXSTAD, GRUEN, and KEARLEY, *Appellate Military Judges*.

––––––––––––––––––

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4**

––––––––––––––––––

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of four

specifications of assault consummated by a battery against his spouse EP, in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928.[1] Pursuant to the plea agreement, the Government withdrew and dismissed one charge and two specifications of sexual assault in violation of Article 120, UCMJ, 10 U.S.C. § 920, and one charge and one specification of indecent viewing in violation of Article 120c, UCMJ, 10 U.S.C. § 920c. The plea agreement stated that prejudice would attach to the dismissals upon "completion of appellate review." After accepting Appellant's pleas, the military judge sentenced Appellant to a bad-conduct discharge, confinement for 12 months, and reduction to the grade of E-1.[2] The convening authority took no action on the findings or sentence, but granted Appellant's request to defer the reduction in grade until the date of the decision on action memo and waived automatic forfeitures for six months. He denied Appellant's request to defer automatic forfeitures until entry of judgment.

## I. BACKGROUND AND DISCUSSION

On 14 April 2023, Appellant raised two issues on appeal: (1) whether the victim's written unsworn statement contained impermissible content; and (2) whether Appellant is entitled to new post-trial processing because the convening authority decided on action nine days after the announcement of sentence and before Appellant submitted matters pursuant to Rule for Courts-Martial (R.C.M.) 1106, and decided on action and deferment requests before Appellant's five days to rebut the victim submission of matters had expired.

This court agreed with Appellant regarding the convening authority's early decision on action and found such action denied Appellant his opportunity to timely submit matters in clemency. In addition, the convening authority erred by deciding on action three days before Appellant's five-day window to rebut the victim matters had elapsed. This court also found that while Appellant had not raised the issue, the record of trial was substantially incomplete because it did not include one of three discs capturing the victim's interview with the Air Force Office of Special Investigations. Therefore, on 1 August 2023, the court returned the record to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d), to address the missing disc and to resolve a substantial issue with the post-trial processing. *See United States v. Portillos*, No.

---

[1] All references to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The military judge sentenced Appellant to 12 months' confinement for each specification of which he was convicted, to run concurrently.

ACM 40305, 2023 CCA LEXIS 321, at *5 (A.F. Ct. Crim. App. 1 Aug. 2023) (order).

On 12 December 2023, the court reporter issued a Certificate of Correction certifying the corrections had been made. Specifically, the disc containing the missing portion of the victim's interview was located, tested for functionality and accurate contents and then delivered to this court. The post-trial processing was redone to allow Appellant his opportunity to submit matters for the convening authority's consideration, this time following statutory guidelines. A new convening authority Decision on Action memorandum and entry of judgment were accomplished to reflect the post-trial changes.

On 4 January 2024, this case was re-docketed with the court. On 22 March 2024, Appellant's counsel submitted the case for review without additional assignments of error, while specifically preserving and maintaining the remaining issue raised in his initial brief dated 14 April 2023—whether the victim's written unsworn statement contained impermissible content.

Appellant asserts that the victim impact statement was improperly written on a letterhead for Department of the Air Force Trial Judiciary. Furthermore, he noted that Paragraph 2 of the victim's statement discusses information regarding Appellant's relationship with EP "before the charged events." Finally, Appellant takes issue with all of Paragraph 10, which states, "I don't want any other women to have to endure the same pain I have. My hope is that he will not do this to anyone else again and that he can learn from this. That's why I believe he deserves the most amount of punishment." Trial defense counsel did not object to the victim's unsworn statement. The military judge *sua sponte* stated he would disregard the first sentence of Paragraph 10.

Before EP read her statement to the military judge, EP's counsel provided trial defense counsel with a working copy of the statement. The military judge thereafter asked trial defense counsel if they objected to the statement, to which counsel replied, "No objection, Your Honor." After EP read her statement to the military judge, EP's counsel moved to admit the written statement as Court Exhibit A. The military judge again asked trial defense counsel if they had any objection to the court exhibit. Trial defense counsel again responded, "No objection, Your Honor."

Trial defense counsel's repeated assertion that the Defense had no objection to Court Exhibit A waived Appellant's objection on appeal. *Cf. United States v. Andersen*, 82 M.J. 543, 546–47 (A.F. Ct. Crim. App. 2022) (citations omitted) ("[W]hen an appellant affirmatively states that he has no objection to the admission of evidence, the issue is waived and his right to complain on appeal is extinguished."). Still, this court retains Article 66(d), UCMJ, 10 U.S.C. § 866, authority to address errors raised for the first time on appeal despite waiver of

those errors at trial. Although we recognize we have the ability to pierce Appellant's waiver, we decline to do so here. *See United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016) (citation omitted).

## II. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). *Manual for Courts-Martial, United States* (2019 ed.). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court