*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HACKEL, GROSS, and BLOSSER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Jerome G. TRUSS**
Sergeant (E-5), U.S. Marine Corps
*Appellant*

**No. 202200198**

_____

Decided: 28 December 2023

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Melanie Mann

Sentence adjudged 16 May 2022 by a general court-martial convened at Marine Corps Base Hawaii, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for 10 years, reduction to E-1, forfeiture of all pay and allowances, and a dishonorable discharge.

For Appellant:
*Captain Thomas P. Belsky, JAGC, USN*

For Appellee:
*Major Mary Claire Finnen, USMC*

———————————

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

———————————

GROSS, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas, of two specifications of attempted fraternization, one specification of solicitation of prostitution, one specification of fraternization, two specifications of sexual harassment, one specification of false official statement, one specification of communicating a threat, two specifications of sexual assault, one specification of abusive sexual contact, and one specification of extortion in violation of Articles 80, 82, 92, 107, 115, 120 and 127 of the Uniform Code of Military Justice [UCMJ].[1] Pursuant to a plea agreement, the military judge sentenced Appellant to 10 years of confinement, reduction to paygrade E-1, forfeiture of all pay and allowances and a dishonorable discharge.[2]

Appellant raises three summary assignments of error: (1) Appellant's convictions for communicating a threat and extortion are multiplicious and constitute an unreasonable multiplication of charges; (2) Appellant's sentence of confinement for 10 years is inappropriately severe;[3] and (3) Appellant is entitled to a corrected Entry of Judgment [EOJ] because the one contained in the record of trial fails to list all the offenses for which Appellant was convicted.

---

[1] 10 U.S.C. §§ 880, 892, 907, 915, 920, and 927. We note that, although not raised by the parties, the military judge erroneously entered a finding of guilty to rape by exceptions and substitutions, excepting the words "by unlawful force" and substituting the words "without her consent." The record is clear, however, that Appellant intended to plead guilty to the lesser included offense of sexual assault without consent. Both the plea agreement and the elements listed by the military judge in the providence inquiry contemplated a plea to sexual assault, and the facts elicited by the military judge establish the elements of that offense. We will take action on this error in our decretal paragraph.

[2] Appellant was credited with 179 days of pretrial confinement.

[3] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

We find merit in Appellant's third assignment of error and take corrective action in our decretal paragraph. We conclude the remaining findings are correct in law, that the sentence is correct in law and fact, and that no error materially prejudicial to the substantial rights of Appellant remains.[4]

## I. BACKGROUND

While stationed at Marine Corps Base Hawaii, Appellant allegedly committed a number of offenses between 2017 and 2021, including sexual assault, sexual harassment, fraternization, and extortion against no less than eight adult, female victims, most of whom were fellow Marines. Once this misconduct came to light, Appellant was charged with 18 specifications of violations of the UCMJ for alleged sexual assaults against four Marines under his charge, as well as fraternization, attempted fraternization, sexual harassment, solicitation to commit prostitution, making a false official statement, communicating a threat, and extortion.

Prior to trial, Appellant entered into a plea agreement with the convening authority in which Appellant agreed to plead guilty to 12 of the 18 specifications. The convening authority agreed to withdraw and dismiss the remaining specifications and charges. The convening authority and Appellant also agreed that the military judge could sentence Appellant to no less than 10 years but no more than 12 years of confinement for each of the two sexual assault specifications of Lance Corporal (E-3) [LCpl] Alpha to which Appellant would plead guilty. For the remaining 10 specifications, the plea agreement provided for confinement ranging from zero years for some offenses, to as much as two years for other offenses. All sentences to confinement were to run concurrently. Appellant also agreed to "waive all waivable motions."

Appellant entered into a stipulation of fact in which he admitted certain facts related to the 12 specifications to which he was pleading guilty. He admitted that he sexually assaulted LCpl Alpha,[5] a Marine he had never previously met, after going to her barracks room; that LCpl Alpha told him "no" when he tried to touch her, but that he nonetheless removed her shorts and underwear as well as his own clothes before penetrating her vulva with his penis and fingers; and that he placed LCpl Alpha's hand on his penis until he ejaculated. He also admitted that he attempted to fraternize with Private First

---

[4] Articles 59(a) and 66(c), UCMJ.

[5] All names contained within this opinion, with the exceptions of Appellant, the judges, and counsel are pseudonyms.

Class (E-2) [PFC] Monroe and LCpl Bravo—his direct subordinates—by seeking sexual relationships with them; that he sexually harassed PFC Monroe and LCpl Bravo by making repeated unwanted sexual comments after they refused to fraternize with him; and that he fraternized with PFC Connor by having a sexual relationship with her. Additionally, he admitted that he lied to Naval Criminal Investigative Service [NCIS] agents regarding his interactions with LCpl Alpha. Finally, he admitted that he solicited Ms. Golf to have sex with him for money. When she refused, he threatened to send a video of him having sex with Ms. Golf to her boyfriend. He also admitted that he later told her that he would not send the video to Ms. Golf's boyfriend if she agreed to have sex with him.[6]

At Appellant's trial, the military judge discussed Appellant's pleas of guilty with him. Appellant told the military judge that his pleas of guilty were voluntary and that he had agreed to the plea agreement of his own accord. The military judge conducted a thorough inquiry into the providence of Appellant's pleas of guilty, corroborating Appellant's admissions in the stipulation of fact. The military judge also conducted a careful and detailed colloquy with Appellant about the plea agreement provision wherein Appellant agreed, in part, to waive all waivable motions.[7] In addition to Appellant declaring that he understood that provision and that he voluntarily agreed to it, Appellant's counsel informed the military judge that the Defense had initiated it. The military judge also briefly discussed the issues of multiplicity and unreasonable multiplication of charges.

Additional facts necessary to resolve specific assignments of error are discussed below.

## II. DISCUSSION

### A. Appellant Waived the Issues of Multiplicity and Unreasonable Multiplication of Charges

Appellant urges us to set aside Additional Charge VI (communication of a threat) and its specification as either multiplicious or an unreasonable multiplication of charges in light of Appellant's pleas to Additional Charge VII (extortion) and its specification. The Government argues that Appellant waived claims of multiplicity and unreasonable multiplication of charges, and, alter-

---

[6] Pros. Ex. 1.

[7] R. at 147-48; *see also* App. Ex. IV at 10.

natively, that the findings of the two challenged charges are neither multi-plicious nor unreasonably multiplied. We agree with the Government that Appellant affirmatively waived these arguments at the trial level.

"[W]aiver is the intentional relinquishment or abandonment of a known right."[8] "A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution."[9] When an appellant intentionally waives a known right at trial, he is barred from raising the issue on appeal.[10]

In *Gladue*, the Court of Appeals for the Armed Forces [CAAF] held that a term in a pretrial agreement whereby an appellant unambiguously agrees to waive all waivable motions affirmatively waives appellate consideration of claims of unreasonable multiplication of charges and multiplicity. The court found that the provision within the plea agreement effected a waiver of the issue and declined to apply a forfeiture analysis, even though the parties never discussed the issues of unreasonable multiplication of charges or multiplicity during the plea colloquy.[11]

However, just because an appellant has waived an issue does not preclude a court of criminal appeals from considering the issue in conducting its review functions under Article 66, UCMJ.[12] To the contrary, this Court is required to conduct plenary review under Article 66(d). In conducting our review, we may only affirm such findings of guilty as are correct in law, and in fact as set forth in Article 66(d)(1)(B). Further, we may affirm only the sentence, or such part or amount of the sentence, as we find correct in law and fact and determine, on the basis of the entire record, should be approved.[13]

In *Chin*, our sister court set aside the findings of several specifications finding them to be an unreasonable multiplication of charges and reassessed the sentence, despite the fact that the appellant had, as in *Gladue*, signed a pretrial agreement agreeing to waive all waivable motions.[14] The Air Force Court

---

[8] *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (internal citation and quotation omitted).

[9] *Id*. at 314.

[10] *Id*.

[11] *Id*. at 313-15.

[12] *United States v. Chin*, 75 M.J. 220, 222-223 (C.A.A.F. 2016).

[13] Article 66(d)(1), UCMJ.

[14] *United States v. Chin*, No. ACM 38452 (recon), 2015 CCA LEXIS 241 (A.F. Ct. Crim. App. 2015) (unpublished), *aff'd*, 75 M.J. 220 (C.A.AF. 2016).

of Criminal Appeals [AFCCA] in *Chin* affirmed only some of the findings of guilty, and dismissed several specifications and charges.[15]

The Government appealed the *Chin* decision to CAAF, challenging the authority of courts of criminal appeals to review waived issues in light of the CAAF's holding in *Gladue*. Our superior court affirmed the AFCCA ruling, upholding the authority of courts of criminal appeals to consider, in conducting their plenary review, issues that were waived at the trial level. Of note, however, the CAAF emphasized that "[w]aiver at the trial level continues to preclude *an appellant* from raising the issue before either [a court of criminal appeals] or [the CAAF]."[16]

Here, there is no question that Appellant waived the issues of multiplicity and unreasonable multiplication of charges at trial. Appellant entered into a plea agreement with the Convening Authority, agreeing to "waive all motions except those that are non-waivable pursuant to Rule for Courts-Martial [R.C.M.] 705(c)(1)(B) or otherwise."[17] However, this was not the only instance of the parties discussing the issues of multiplicity and unreasonable multiplication of charges. As noted, the military judge discussed the issue briefly on the record in summarizing an R.C.M. 802 conference held prior to the guilty plea, and the issue was also discussed by counsel and the military judge in email correspondence.[18]

Appellant makes no effort to distinguish this case from *Gladue* in his summary assignment of error, to explain why this issue is not waived, nor to explain why this Court should not give legal effect to the waiver he made below. Rather, without acknowledging *Chin*'s express prohibition on an appellant raising a waived issue on appeal, Appellant merely cites to *Chin* in an apparent recognition of his waiver while nonetheless assigning error of the waived issue.

Although an appellant has no right to present a waived issue on appeal, we still must conduct a complete review of the record under our plenary authority contained in Article 66. Having conducted our review of the record under Article 66, we find no reason to disturb Appellant's knowing, intelligent, and voluntary waiver of his right to claim appellate error based on a theory of multiplicity and unreasonable multiplication of charges. Appellant's invitation to apply *Chin* is unmoving.

---

[15] *Id*. at *34-*35.

[16] *Chin*, 75 M.J. at 223 (emphasis in original).

[17] App. Ex. IV at 10.

[18] App. Ex. XI.

## B. Appellant's Sentence is not Inappropriately Severe

We review sentence appropriateness de novo.[19] In conducting our review, we "may affirm only the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved."[20] Article 66 provides courts of criminal appeals a great deal of discretion in determining whether a particular sentence is appropriate; however, in conducting our review, we are not authorized to engage in exercises of clemency.[21] Generally, sentence appropriateness should be judged by "individualized consideration" of the particular accused "on the basis of the nature and seriousness of the offense and the character of the offender."[22]

"Other than to ensure that the appellant's approved sentence is one that 'should be approved,' we generally refrain from second guessing or comparing a sentence that flows from a lawful pretrial agreement or a [convening authority]'s lawful exercise of his authority to grant clemency to an appellant."[23]

Appellant's summary assignment of error offers little for this Court to consider in determining the appropriateness of his sentence. In fact, this case is similar to our prior case of *United States v. Parker*, where this Court denied relief on sentence appropriateness grounds, stating "[Appellant] offers nothing to explain how a sentence falling within a limited range he knowingly and voluntarily negotiated is now, once imposed, inappropriately severe."[24]

Appellant entered into a plea agreement with the convening authority in which the convening authority agreed to take substantial action that was favorable to Appellant. Notably, the agreement allowed Appellant to plead to the lesser included offense of sexual assault for two specifications originally

---

[19] *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005).

[20] Article 66(d)(1), UCMJ.

[21] *See United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999); *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988).

[22] *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982).

[23] *United States v. Widak*, No. 201500309, 2016 CCA LEXIS 172, *7 (N-M. Ct. Crim. App. Mar. 22, 2016) (unpublished) (quoting Article 66(c), UCMJ) (citing to *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010)); *see also United States v. Casuso*, No. 202000114, 2021 CCA LEXIS 328, *8 (N-M. Ct. Crim. App. Jun. 30, 2021) (unpublished) (questioning an appellant's "claim of inappropriate severity when the sentence he received was within the range of punishment he was expressly willing to accept in exchange for his pleas of guilty").

[24] *United States v. Parker*, No. 201400066, 2015 CCA LEXIS 9, at *18 (N-M. Ct. Crim. App. Jan. 22, 2015) (unpublished).

charged as rape. Although Appellant was required to plead guilty to 10 additional specifications, the agreement also provided for the withdrawal and dismissal of six other specifications and limited the total potential sentence of confinement to no less than 10 years and no more than 12 years when the referred charges allowed for a maximum sentence of confinement for life. In exchange, Appellant admitted and pleaded guilty to serious criminal misconduct, the most serious being the two specifications of sexual assault of LCpl Alpha.

Appellant had never met LCpl Alpha before he sexually assaulted her. When he went to her barracks room to retrieve a belonging he had left behind when he was previously assigned to that room, he asked if he could stay and hang out. After LCpl Alpha agreed that he could stay and hang out, Appellant began trying to touch and kiss her. Lance Corporal Alpha rejected his advances and told him "no." She attempted to push him away, but Appellant refused to take "no" for an answer. He then removed her shorts and underwear and penetrated her vulva with his penis. After penetrating her vulva with his penis, Appellant then penetrated her vulva with his fingers and placed LCpl Alpha's hand on his penis until he ejaculated. Appellant acknowledged that at no time did LCpl Alpha consent to any of these acts, nor did Appellant have any subjective or objective reason to believe that she consented to any sexual activity with him.

Lance Corporal Alpha also testified during the Government's case in aggravation that at the time Appellant sexually assaulted her she had been at the command for no more than a week; that Appellant was the first sergeant (E-5) that she had met at the command; and that Appellant's actions had a long and lasting impact on her, causing anxiety and a loss of trust in others as well as the Marine Corps.[25] Further evidence admitted during sentencing included the testimony of an expert witness in forensic psychology, without objection from the Defense, that Appellant had an "above average or moderate-high risk of recidivism."[26]

But LCpl Alpha was not Appellant's only victim of sexual misconduct. After a consensual sexual encounter with Ms. Golf, he solicited her for prostitution. When she declined to engage in further intercourse, Appellant threatened her with an intimate video of their sexual encounter, and ultimately extorted her in an attempt to coerce her into more intercourse. He engaged in fraternizing by having sexual intercourse with PFC Connor when she was new to the base. He attempted to fraternize separately with two subordinate female Marines—

---

[25] R. at 168-172.

[26] R. at 177.

LCpl Bravo and PFC Monroe—and sexually harassed each of them after they declined his invitation to fraternize. And, finally, when interviewed by NCIS regarding his actions with LCpl Alpha, Appellant lied about engaging in sexual acts because he was afraid of getting in trouble.

Appellant was given a position of special trust as a non-commissioned officer in the Marine Corps. He not only violated that trust but also took advantage of it to victimize multiple Marines and a civilian. In particular, he sexually assaulted LCpl Alpha while fully aware that she did not consent to his actions. In extenuation and mitigation, Appellant offered service record documents, a letter from his mother, family pictures, and his unsworn statement. While Appellant did apologize to his victims, he offered no significant mitigation for his serious criminal misconduct.

For his offenses, Appellant agreed to and the military judge imposed segmented sentences totaling 23 years and 10 months of confinement. However, per the plea agreement, the terms of confinement will run concurrently, resulting in just 10 years of total confinement.

Given that Appellant voluntarily entered into a plea agreement with the convening authority knowing that the minimum confinement he could receive was 10 years, and subsequently received that minimum sentence, we see no reason to disturb this negotiated outcome. Considering the evidence in the record, we are convinced that the sentence for each offense is correct in law and fact, and are convinced that Appellant received the sentence he deserved.

## C. Appellant is entitled to accurate records of his court-martial.

Appellant claims, and the Government concedes, that the military judge erred in signing an incorrect EOJ.[27] In the EOJ, the military judge did not account for Appellant's pleas or findings of guilty to Additional Charge VI, Additional Charge VII, and their specifications. Additionally, though not raised by the parties, we note that the military judge also did not account for Appellant's pleas of Not Guilty to, and the withdrawal and dismissal of, Second Additional Charges I through III and their respective specifications. Appellant has alleged no prejudice from the incorrect EOJ; however, Appellant is entitled to have accurate records of his court-martial. Accordingly, we will take action in our decretal paragraph.

---

[27] The Government alleges that the military judge also did not include the pleas and findings for the Specification of Additional Charge V and we agree. As noted above, we also will modify the findings for Specifications 1 and 2 of the Charge to reflect that Appellant was found guilty of sexual assault without consent, a lesser included offense of rape by force.

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and that no error materially prejudicial to Appellant's substantial rights occurred.[28] However, as noted above, the EOJ contains several errors that do not properly account for the disposition of all charges and specifications on the various charge sheets. Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[29] In accordance with R.C.M. 1111(c)(2), we modify the EOJ and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.



FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[28] Articles 59 & 66, UCMJ.

[29] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | **NMCCA NO. 202200198** |
| **v.** | **ENTRY**<br>**OF**<br>**JUDGMENT** |
| **Jerome G. TRUSS**<br>**Sergeant (E-5)**<br>**U.S. Marine Corps** | |
| *Accused* | ***As Modified on Appeal*** |
| | **28 December 2023** |

On 10 February 2022 and 16 May 2022, the Accused was tried at Marine Corps Base Hawaii, by a general court-martial, consisting of a military judge sitting alone. Military Judge Melanie J. Mann presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**The Charge:** **Violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920.**

*Plea:* Guilty by exceptions and substitutions.

*Finding:* Not Guilty of the offense of Rape, but Guilty of the Lesser Included Offense of Sexual Assault without Consent.

**Specification 1:** **Rape on or about 22 June 2020.**

*Plea:* Guilty by exceptions and substitutions.

*Finding:* Not Guilty of the Offense of Rape, but Guilty of the Lesser Included Offense of Sexual Assault without Consent.

**Specification 2:** **Rape on or about 22 June 2020.**

*Plea:* Guilty by exceptions and substitutions.

*Finding:* Not Guilty of the Offense of Rape, but Guilty of the Lesser Included Offense of Sexual Assault without Consent.

**Specification 3:** **Abusive Sexual Contact on or about 22 June 2020.**

*Plea:* Guilty.
*Finding:* Guilty.

**Additional Charge I:**     **Violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

**Specification 1:**   **Sexual Assault by Bodily Harm between on or about 11 October 2017 and on or about 1 December 2017.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

**Specification 2:**   **Sexual Assault Without Consent between on or about 3 October 2019 and on or about 1 January 2020.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

**Additional Charge II:**    **Violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 1:**   **Attempted Fraternization on or about 14 March 2021.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 2:**   **Attempted Fraternization on or about 14 March 2021.**

*Plea:* Guilty.
*Finding:* Guilty.

**Additional Charge III:**   **Violation of Article 82, Uniform Code of Military Justice, 10 U.S.C. § 882.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification:**    **Solicitation – Prostitution on or about 9 May 2021.**

   *Plea:* Guilty.
   *Finding:* Guilty.

**Additional Charge IV:**    **Violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.**

   *Plea:* Guilty.
   *Finding:* Guilty.

**Specification 1:**    **Violation of a Regulation - Fraternization between on or about 14 April 2020 and 14 June 2020.**

   *Plea:* Guilty.
   *Finding:* Guilty.

**Specification 2:**    **Violation of a General Order – Sexual Harassment between on or about 15 March 2021 and 1 April 2021.**

   *Plea:* Guilty.
   *Finding:* Guilty.

**Specification 3:**    **Violation of a General Order – Sexual Harassment between on or about 15 September 2019 and 20 May 2020.**

   *Plea:* Guilty.
   *Finding:* Guilty.

**Additional Charge V:**    **Violation of Article 107, Uniform Code of Military Justice, 10 U.S.C. § 907.**

   *Plea:* Guilty.
   *Finding:* Guilty.

**Specification:**    **False Official Statement on or about 9 April 2021.**

   *Plea:* Guilty by exceptions and substitutions.
   *Finding:* Guilty except for the words: "a. that he did not record himself having sex with LCpl, L.C., U.S. Marine Corps, or words to that effect which statement was totally false and was then known by the said Sgt Truss to be so false; c. that he has not engaged in sexual acts with LCpl N.B. U.S. Marine Corps, or words to that effect which statement was totally false and was then known by the said Sgt Truss to be so false; and d. that he has not engaged in sexual acts with with LCpl V. A., U.S. Marine Corps, or words to that effect which statement was totally false and was then known by the

said Sgt Truss to be so false"; of the excepted words, Not Guilty, of the Specification as excepted, Guilty.

**Additional Charge VI:** **Violation of Article 115, Uniform Code of Military Justice, 10 U.S.C. § 915.**

>*Plea:* Guilty.
>*Finding:* Guilty.

**Specification:** **Communicating a Threat on or about 9 May 2021.**

>*Plea:* Guilty.
>*Finding:* Guilty.

**Additional Charge VII:** **Violation of Article 127, Uniform Code of Military Justice, 10 U.S.C. § 927.**

>*Plea:* Guilty.
>*Finding:* Guilty.

**Specification:** **Extortion on or about 9 May 2021.**

>*Plea:* Guilty.
>*Finding:* Guilty.

**Second Additional Charge I:** **Violation of Article 120, Uniform Code of ` Military Justice, 10 U.S.C. § 920.**

>*Plea:* Not Guilty.
>*Finding:* Withdrawn and dismissed.

**Specification:** **Abusive Sexual Contact between on or about 1 September 2019 and on or about 15 October 2019.**

>*Plea:* Not Guilty.
>*Finding:* Withdrawn and dismissed.

**Second Additional Charge II:** **Violation of Article 128, Uniform Code of ` Military Justice, 10 U.S.C. § 928.**

>*Plea:* Not Guilty.
>*Finding:* Withdrawn and dismissed.

**Specification 1:** **Assault Consummated by a Battery between on or about 1 September 2019 and on or about 15 October 2019.**

>*Plea:* Not Guilty.
>*Finding:* Withdrawn and dismissed.

**Specification 2:** **Assault Consummated by a Battery between on or about 3 October 2019 and on or about 1 January 2020.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed

**Second Additional Charge III:** **Violation of Article 80, Uniform Code of ` Military Justice, 10 U.S.C. § 880.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

**Specification:** **Attempted Patronizing of a Prostitute between on or about 1 September 2019 and on or about 1 December 2019.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

# SENTENCE

On 22 December 2022, a military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**Confinement**

*For Specification 1 of the Charge:*
confinement for 10 years.

*For Specification 2 of the Charge:*
confinement for 10 years.

*For Specification 3 of the Charge:*
confinement for 2 years.

*For the Specification of Additional Charge III:*
confinement for 1 month.

*For the Specification of Additional Charge V:*
confinement for 3 months.

*For the Specification of Additional Charge VI:*
confinement for 6 months.

*For the Specification of Additional Charge VII:*
confinement for one year.

The terms of confinement will run concurrently.

**Confinement for a total of 10 years.**

**Forfeiture of all pay and allowances.**

**A dishonorable discharge.**

The Accused shall be credited with 179 days of pretrial confinement.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court