*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

## UNITED STATES
Appellee

**v.**

## Braxston C. SPENCER, Lance Corporal
United States Marine Corps, Appellant

**No. 25-0192**
Crim. App. No. 202400328

Argued December 10, 2025—Decided February 9, 2026

Military Judges: Aran T. Walsh (arraignment) and
Matthew M. Harris (trial)

For Appellant: *Lieutenant Commander Michael W. Wester*, JAGC, USN (argued).

For Appellee: *Lieutenant Stephanie N. Fisher*, JAGC, USN (argued); *Colonel Iain D. Pedden*, USMC, *Major Mary Claire Finnen*, USMC, *Captain Jacob R. Carmin*, USMC, and *Brian K. Keller*, Esq. (on brief); *Lieutenant Gregory A. Rustico*, USMC.

Judge MAGGS delivered the opinion of the Court, in which Chief Judge OHLSON, Judge SPARKS, Judge HARDY, and Judge JOHNSON joined.

————————

Judge MAGGS delivered the opinion of the Court.

A special court-martial consisting of a military judge alone found Appellant guilty, consistent with his pleas, of four specifications of larceny in violation of Article 121(a)(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921(a)(1) (2018). A plea agreement in the case provided, inter alia, that a bad-conduct discharge "may be adjudged," that a reduction to the grade of E-1 "shall be adjudged," that "[f]orfeiture of 2/3 pay for up to two months shall be adjudged," and that the maximum period of confinement for each specification would be two months with all periods of confinement to be served concurrently. Consistent with these terms, the military judge sentenced Appellant to a reduction to the grade of E-1, a forfeiture of $1,344 per month for two months, confinement for sixty days for each specification with all periods of confinement to run concurrently, and a bad-conduct discharge. The military judge recommended that the convening authority suspend all confinement for six months. The convening authority took no action on the findings or sentence and denied the military judge's recommendation to suspend the adjudged confinement.

The United States Navy-Marine Corps Court of Criminal Appeals (NMCCA) reviewed Appellant's sentence under Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1) (2018).[1] *Spencer*, 2025 CCA LEXIS 168, at *6 n.18, 2025

---

[1] The version of Article 66(d)(1), UCMJ, that is codified at 10 U.S.C. § 866(d) (2018), applies to this case. Congress amended Article 66(d), UCMJ, in the National Defense Authorization Act for Fiscal Year 2022, Pub. L. No. 117-81, § 539E(d), 135 Stat. 1541, 1703 (2021). The amendment, however, applies only to "to sentences adjudged in cases in which all findings of guilty are for offenses that occurred after" December 27, 2023. *Id.* § 539E(f), 135 Stat. 1541, 1706. Because Appellant's offenses occurred in June 2023, the amendment does not apply in this case. We note that the NMCCA mistakenly stated the cutoff date as January 27, 2023, rather than December 27, 2023. *United States v. Spencer*, No. NMCCA 202400328, CCA LEXIS 168, at *4 n.9, 2025 WL 1144759, at *2 n.9 (N-M. Ct. Crim. App. Apr. 18, 2025) (per curiam) (unpublished). The NMCCA nonetheless

WL 1144759, at *3 n.18. In so doing, the NMCCA quoted a portion of a statement that it previously made in *United States v. Widak*, No. NMCCA 201500309, 2016 CCA LEXIS 172, 2016 WL 1104360 (N-M. Ct. Crim. App. Mar. 22, 2016) (per curiam) (unpublished). The quoted language was: "[W]e generally refrain from second guessing or comparing a sentence that flows from a lawful pretrial agreement." *Spencer*, 2025 CCA LEXIS 168, at *6 & n.17, 2025 WL 1144759, at *3 & n.17 (internal quotation marks omitted) (quoting *Widak*, 2016 CCA LEXIS 172, at *7, 2016 WL 1104360, at *3).

We granted review of this question: "Under Article 66, UCMJ, a CCA must determine the appropriateness of a sentence apart from its legality. Did the CCA abuse its discretion by saying it would not 'second guess[]' a sentence because it fell within the range of a plea agreement without indicating the sentence was also appropriate?" Because of uncertainty about whether the NMCCA independently reviewed the appropriateness of Appellant's sentence, we remand for a new review of Appellant's sentence under Article 66(d)(1), UCMJ, consistent with this opinion.

## I. Background

Appellant admitted in a stipulation of fact that he took goods from the Marine Corps Exchange (MCX) at Marine Corps Base Camp Pendleton without paying for them on four occasions in June 2023. He stated that he first took electronics, then a tool set, then a video game controller, and finally cameras and clothing. Appellant further admitted that he did not have permission to take any of the items, that he understood his conduct was wrongful, and that he did not have any legal justification or excuse for his actions.

On appeal to the NMCCA, Appellant argued that his bad-conduct discharge was inappropriately severe. *Spencer*, 2025 CCA LEXIS 168, at *3-4, 2025 WL 1144759,

---

applied the correct version of Article 66(d)(1), UCMJ. *Id.* at *4, 2025 WL 1144759, at *2.

at \*2. Addressing this argument, the NMCCA explained that it reviews sentence appropriateness de novo. *Id.* at \*4 & n.8, 2025 WL 1144759, at \*2 & n.8 (citing *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006)). Quoting Article 66(d)(1), UCMJ, the NMCCA stated that it "may affirm only the sentence, or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved." *Id.* at \*4 & n.9, 2025 WL 1144759, at \*2 & n.9 (internal quotation marks omitted). The NMCCA further recognized that its review of a sentence requires an "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *Id.* at \*4 & n.11, 2025 WL 1144759, at \*2 & n.11 (internal quotation marks omitted) (quoting *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)).

After stating these legal principles, the NMCCA summarized Appellant's misconduct, stating:

> He stole from the MCX on four separate occasions. Encouraged by his first sojourn into this criminal enterprise with a fellow Marine where he stole items worth a significant amount, he went back to the same store a mere three days later for an expensive tool set. Appellant was so emboldened by his previous thefts, he chose to go back again five days later to steal not one time, but two times that day, filching a variety of items from clothing to electronics. He admitted to foiling the security measures in place to prevent theft and walking out each time, taking the items with him for his personal use.

*Id.* at \*5, 2025 WL 1144759, at \*3. The NMCCA also noted that Appellant had attempted to reform and that this attempt had caused the military judge to recommend a suspension of confinement. *Id.* at \*5-6, 2025 WL 1144759, at \*3.

The NMCCA stated that Appellant's punishment was "the foreseeable result of the plea agreement that he negotiated and voluntarily entered into with the convening

4

authority." *Id.* at *6, 2025 WL 1144759, at *3. The NMCCA then asserted:

> As we have previously stated, "we generally refrain from second guessing or comparing a sentence that flows from a lawful pretrial agreement." [*Widak*, 2016 CCA LEXIS 172, at *7, 2016 WL 1104360, at *3.] Accordingly, we find Appellant's sole assignment of error to be without merit.

*Id.*, 2025 WL 1144759, at *3.

The NMCCA did not expressly state that Appellant's sentence was "appropriate" or that it "should be affirmed." But following the statement quoted above, the NMCCA concluded that "the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred." *Id.*, 2025 WL 1144759, at *3. The NMCCA therefore affirmed the findings and the sentence. *Id.*, 2025 WL 1144759, at *3.

## II. Standard of Review and Applicable Legal Principles

Article 66(d)(1), UCMJ, provides that a Court of Criminal Appeals (CCA) "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved." Applying this provision, CCAs " 'may only affirm' that which they *independently* find 'correct in law and fact' and that which they 'determine[], on the basis of the entire record, should be approved.' " *United States v. Powell*, 49 M.J. 460, 463 (C.A.A.F. 1998) (alteration in original) (emphasis added). This Court's "review of a service court's decision on sentence appropriateness is limited to the narrow question of whether there has been an obvious miscarriage of justice or an abuse of discretion." *United States v. Arroyo*, 86 M.J. 89, 93 (C.A.A.F. 2025). CCAs "abuse their discretion when they act arbitrarily, capriciously, or unreasonably as a matter of law." *Id.*

Under Rules for Courts-Martial (R.C.M.) 910(f)(4) and (f)(6), a military judge must make an inquiry about any

plea agreement and announce on the record that a plea agreement has been accepted. A memorandum of the plea agreement and a written stipulation of fact are typically designated as appellate exhibits and included in the record under R.C.M. 1112(b)(5). Accordingly, the terms of the plea agreement, and the inquiry into the agreement, constitute part of the "entire record" that a CCA must consider when deciding whether a sentence is appropriate and should be affirmed under Article 66(d)(1), UCMJ. A CCA, therefore, must take a plea agreement into account in performing its sentence appropriateness review. And as this Court has reasoned, "[a]n accused's own sentence proposal is a reasonable indication of the sentence's probable fairness to [him]." *Arroyo*, 86 M.J. at 93 (first alteration in original) (internal quotation marks omitted) (quoting *United States v. Hendon*, 6 M.J. 171, 175 (C.M.A. 1979) (plurality opinion)). But that said, a CCA still has "a duty to determine on its own whether the sentence agreed to by the parties is appropriate." *Id.*

In reviewing a CCA's decision to approve a sentence under Article 66(d)(1), UCMJ, this Court presumes that the CCA knows the law and follows it. *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016). This Court also does not require the CCA to explain its reasoning. *United States v. Flores*, 84 M.J. 277, 282 (C.A.A.F. 2024). However, if the CCA makes a statement in its analysis that casts doubt about whether the CCA properly understood its authority under Article 66(d), UCMJ, this Court may remand the case for a new sentence appropriateness hearing following correct legal principles. *United States v. Baier*, 60 M.J. 382, 385 (C.A.A.F. 2005).

For example, in *Baier*, this Court reviewed a decision affirming a sentence in which the CCA stated that the "appellant received the individual consideration required based on the seriousness of his offenses and his own character, which is all the law requires." *Id.* at 383. This Court held:

> Based on that language, it is impossible for us to determine whether the lower court conducted

an independent assessment of the appropriateness of [a]ppellant's sentence or merely deferred to the "individual consideration" [a]ppellant had previously received from the military judge and the convening authority. Nor can we determine whether the lower court independently assessed the sentence's appropriateness for this particular offender or merely determined that the sentence was not "so disproportionate to the crime as to cry out for equalization."

*Id.* at 383-84. To ensure that the appellant was not prejudiced by an erroneous view of the law, the Court set aside the lower court's opinion as to the sentence and remanded the case for a new review under Article 66, UCMJ. *Id.* at 385.

### III. Discussion

Most of the NMCCA's opinion is clearly consistent with the legal principles discussed above. The NMCCA quoted the applicable legal standard from Article 66(d)(1), UCMJ, and correctly explained key legal principles concerning the scope of its review. The NMCCA also cited facts that were well within its discretion to consider when deciding whether the sentence was appropriate, such as the severity of the misconduct and the recommendation for suspending confinement.

Appellant, however, argues that the NMCCA's decision is still flawed for two specific reasons. First, Appellant asserts that the NMCCA did not fulfill its duty to assess the appropriateness of his sentence independently because the court refrained from "second guessing" his sentence. Second, Appellant asserts that the NMCCA erred because "it did not conclude that [his] sentence 'should be approved' or explain that the sentence was appropriate."

### A. The "Second Guessing" Statement

To support his argument that the NMCCA's "second guessing" statement shows that the NMCCA did not independently review the appropriateness of his sentence, Appellant points out that the NMCCA selectively quoted

its earlier decision in *Widak*. In *Widak*, the NMCCA stated: "*Other than to ensure that the appellant's approved sentence is one that 'should be approved,' Article 66(c),* we generally refrain from second guessing or comparing a sentence that flows from a lawful pretrial agreement or a [convening authority]'s lawful exercise of his authority to grant clemency to an appellant." 2016 CCA LEXIS 172, at *7, 2016 WL 1104360, at *3 (emphasis added). Because the NMCCA in this case quoted only the nonitalicized portion of this statement, Appellant argues that the NMCCA did not consider whether his sentence "should be approved" under Article 66(d)(1), UCMJ. Appellant reads the "second guessing" statement to imply that the NMCCA upheld his sentence merely because it was legally correct.

The Government disagrees, arguing that we should not conclude from the "second guessing" statement that the NMCCA failed to make an independent assessment of Appellant's sentence. The Government observes that the NMCCA considered multiple relevant factors in determining that Appellant's sentence was appropriate, including the severity of Appellant's misconduct and the military judge's recommendation that the convening authority suspend confinement. In the Government's view, the NMCCA's discussion of the plea agreement was not improper; instead, as in *Arroyo*, the plea agreement was merely one factor in assessing the appropriateness of the sentence.

We are persuaded by Appellant that the NMCCA's statement that it would refrain from "second guessing" Appellant's sentence raises a nonfrivolous question about whether the NMCCA properly conducted its own independent review. If by the "second guessing" statement the NMCCA meant that it could not independently review the appropriateness of the Appellant's sentence because the sentence complied with the limits of the plea agreement, then the NMCCA's decision was in error. As explained above, Article 66(d)(1), UCMJ, requires a CCA to determine independently the appropriateness of the

sentence in all cases, even in cases involving plea agreements.

This Court's decision in *Baier*, discussed above, instructs us that when statements in an opinion raise this kind of doubt about whether a CCA has conducted an independent assessment of the appropriateness of an appellant's sentence, the proper course is to remand the case for a new review under Article 66(d), UCMJ. We will follow this approach here. In so doing, we express no opinion about whether the sentence is appropriate or should be affirmed. As we have explained above, the NMCCA must review the entire record, which includes taking the plea agreement into account, but still must exercise its independent judgment.

## B. Lack of Express Conclusions

Even though the NMCCA stated that the Appellant's sentence was "correct in law and fact," Appellant faults the court for not expressly stating that his sentence was "appropriate" and that the sentence "should be affirmed." The Government dismisses this objection, asserting that it "constitutes a mere complaint that the lower court did not detail its reasoning, which it was not obligated to do." We address this question to provide guidance to the NMCCA upon remand.

We are persuaded by the Government's argument that the NMCCA was not required to state expressly that Appellant's sentence was appropriate or that the sentence should be affirmed. We have previously stated that a CCA need not explain its reasoning for determining that a sentence is appropriate. *Flores*, 84 M.J. at 282. Accordingly, we hold that the NMCCA was not required to use any specific words when stating the result of its review under Article 66(d)(1), UCMJ.

In reaching this conclusion, however, we do not intend to discourage CCAs from explaining their reasoning. Express statements, although not required, may facilitate appellate review. For example, in this case, clarifying statements may have eliminated ambiguity about what the

NMCCA meant when it said that it generally refrains from second guessing a sentence that is consistent with a plea agreement.

## IV. Conclusion

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is set aside in so far as it affirmed the sentence. The findings are affirmed. The record is returned to the Judge Advocate General of the Navy for remand to the Navy-Marine Corps Court of Criminal Appeals for a new review of the sentence under Article 66, UCMJ, 10 U.S.C. § 866 (2018), consistent with this opinion.